ORRIN MESSENGER *vs.* JAMES DENNIE.

Suffolk. March 15, 16. — 17, 1886. W. ALLEN & HOLMES, JJ., absent.

A boy eight years and nine months old, who was allowed by his parents to ride upon the runners of sleighs, got upon the runner of a sleigh, with the consent of its driver, in a public street. After riding in this way some distance, he told the driver that he would get off; and the driver slackened the speed of his horse nearly to a walk. The boy looked round and saw that there was another sleigh behind the one he was on, in the same track, about thirty feet away, and going in the same direction. The boy then stepped off the runner, and out of the track of the other sleigh, and reached the middle of the street, and was knocked down and injured by the horse drawing the other sleigh, which had turned out of the track to pass the sleigh on which the boy had been riding, while the driver was watching some boys coasting in a field. *Held*, that the boy was guilty of such contributory negligence as to preclude him from maintaining an action for the injury.

TORT for personal injuries occasioned to the plaintiff by the alleged negligence of the defendant. After the former decision, reported 137 Mass. 197, the case came on for trial in the Superior Court, before *Pitman*, J., and the plaintiff offered to prove the following facts :

The accident occurred on February 17, 1881, on Aspinwall Avenue, a public street in Brookline, at a point one hundred and forty feet, more or less, distant from Harvard Street.

The plaintiff, who was a boy eight years and nine months old, was standing on Harvard Street, when a sleigh, driven by one Stewart, came along. The plaintiff, who knew him, asked him if he might ride a little way on his sleigh, and Stewart gave him permission, and drew up and stopped his sleigh to let the plaintiff get on. The plaintiff got upon the left-hand runner of the sleigh, the one nearest to the sidewalk where he was standing, and, having got on, Stewart drove slowly on down Harvard Street and round the corner down Aspinwall Avenue.

Harvard Street is forty feet wide from sidewalk to sidewalk. Aspinwall Avenue is thirty-five feet wide between the sidewalks, and the sidewalks are from six to eight feet wide. There was a track on one side for teams passing to Brookline, and another track on the other side for teams going to Boston; and between these there was a space which was comparatively untrodden. The runners of a sleigh being a little less than four feet wide,

there was a considerable space in the middle of the road where there were no regular tracks, but which was trodden by teams passing other teams going in the same direction. Stewart, going round the corner towards Boston, kept to the right, the boy being on the left-hand runner next to the middle of the road.

At the point where the plaintiff got on the sleigh, the whole of Aspinwall Avenue could be seen for a distance of about eighty rods. The boy could see that the whole street was clear. When Stewart's sleigh had got to the point one hundred and forty-two feet from the corner of Harvard Street and Aspinwall Avenue, the defendant was driving behind Stewart, and the plaintiff said that he would get off there; and Stewart slackened the speed of his horse nearly or quite to a walk to let him get off.

The plaintiff put his feet upon the ground, ran along a step or two, glanced round to see what was behind him, and saw the defendant's horse about thirty feet behind him, coming in the same track, upon the right-hand side of the street, and directly behind Stewart.

The boy knew that, upon stepping off the left-hand runner and starting towards home, where he was going, one single step would place him out of the track; and he knew that any man driving a horse could stop that horse in much less than thirty feet, as the horse was not then going at a rapid rate. After glancing round and seeing where the defendant was, he let go of the sleigh, stepped immediately to the left, and started to cross the street. The defendant, instead of attending to his horse, was looking at some boys who were coasting in a field on the south of Aspinwall Avenue, near Harvard Street. Stewart's horse had not got back into a trot fully, when the defendant's horse started along more rapidly, and turned out for the purpose of passing Stewart. The plaintiff had reached the middle of the street, and he then noticed that, instead of keeping the track he was in when he got off the sleigh, the defendant's horse had turned out as if to pass by Stewart, and was coming directly upon him; and, before he could get out of his way, the horse struck him, causing the injuries complained of.

Upon this offer of proof, the defendant asked the judge to rule that the plaintiff could not, as matter of law, maintain his action, in view of the former decision in this case.

The judge suggested that the opening left some matters uncertain, especially as to the consent of the parents to the boy's riding on sleighs under certain circumstances, which was testified to at the former trial, and said that, if the only new testimony to be introduced was that of the boy (who was not a witness before), he was prepared to dispose of the case; and, in reply to a question by the judge to the plaintiff's counsel, whether "the evidence as to the consent of the parents and all the circumstances will be the same as before," the counsel replied, "Substantially."

The judge ruled that the plaintiff could not maintain his action, being of opinion that, upon the opening and this statement of counsel, he was bound, under the former decision, so to rule; directed a verdict for the defendant; and reported the case for the determination of this court.

If the ruling was erroneous, the verdict was to be set aside, and the case stand for trial; otherwise, judgment to be entered on the verdict.

*B. Wadleigh*, for the plaintiff.

*C. F. Kittredge & C. A. Williams*, for the defendant.

By THE COURT. When this case was before the court at a former term, it was decided that, upon the facts then appearing, the plaintiff was not entitled to recover. *Messenger* v. *Dennie*, 137 Mass. 197. The facts offered to be shown at the second trial do not in any essential particular differ from those shown at the first trial. The plaintiff was engaged in the dangerous sport of riding upon the runners of a sleigh in the public street; he suddenly left the runner of the sleigh on which he was riding, while it was in motion, in front and within a few feet of the sleigh driven by the defendant, who was driving at a moderate rate of speed. If, as is now claimed, the plaintiff saw the defendant's team approaching, it does not help his case. He thoughtlessly and imprudently put himself in a position of danger, and, upon the facts, his injury is attributable to his own carelessness, and not to any negligence of the defendant.

*Judgment on the verdict.*