ELLEN O'SHAUGHNESSY *vs.* SUFFOLK BREWING COMPANY.

Suffolk. Nov. 14, 1887. — Jan. 6, 1888. DEVENS & W. ALLEN, JJ., absent.

A girl, eight years and one month old, while on her way to school, sat down on the curbstone of the sidewalk, with one leg under her and the other leg projecting into the street, leaned over, and began to sharpen a slate pencil. She knew that there was much driving on the street, but did not look to see whether any wagon was coming. While so sitting, she was struck by a wagon, and run over. *Held,* that the question whether she was in the exercise of due care was for the jury.

TORT, for personal injuries occasioned to the plaintiff, a girl eight years one month and a half old, by being run over by the defendant's wagon, on April 17, 1885, on East Eighth Street in South Boston.

At the trial in the Superior Court, before *Brigham*, C. J., the plaintiff testified, that, while on her way to school, shortly before two o'clock in the afternoon, she sat down on the curbstone of the sidewalk, with her right leg under her and her left leg projecting into the street, leaned forward, and began to sharpen a slate pencil; that while so sitting she was struck in the back just above her left hip, knocked into the street, and run over by one of the hind wheels of the defendant's wagon. She further testified, on cross-examination, that she knew, when she sat down, that there were horse-car tracks in the middle of the street, on which horse cars passed both ways, and that there was a good deal of driving in the street; and that when she sat down, and while sitting there, she did not look to see if any wagons were coming.

The defendant's evidence tended to show that the plaintiff, while walking on the sidewalk, caught hold of an iron brace on the side of the defendant's wagon and between the front and hind wheels, and that, while holding on to this brace, her foot slipped, and she fell under the wagon, and was run over.

At the close of the evidence, the defendant asked the judge to rule, as matter of law, that the plaintiff could not recover, because there was no evidence that would warrant the jury in finding that the plaintiff was in the exercise of due care.

The judge declined to rule as requested; and instructed the jury that, if the plaintiff was hanging on to the wagon as it passed, and fell in consequence thereof, she could not recover; and that, if the plaintiff was sitting on the curbstone when she was struck, the question was what care might be expected of the child in view of her age and intelligence; that if she knew better than to be there, and knew that it was not a safe place, and was struck while there, she could not recover.

The jury returned a verdict for the plaintiff, in the sum of $2000; and the defendant alleged exceptions to the refusal of the judge to give the ruling requested.

*M. F. Dickinson, Jr., & H. R. Bailey*, for the defendant.

*S. B. Allen*, for the plaintiff.

C. ALLEN, J. In view of the verdict, it must now be assumed, in favor of the plaintiff, that the injury to her occurred substantially in the manner which she described; namely, that while on

her way to school she sat down on the curbstone, in order to sharpen her pencil, with one foot in the gutter, and that the defendant's wagon came along and hit her while she was in that position. The instructions to the jury left them free to find a want of due care on her part, and were carefully guarded in all respects, unless it was the duty of the court to rule, as matter of law, that the plaintiff was not entitled to recover, because there was no evidence which would warrant the jury in finding that she was in the exercise of due care. It is to be observed, in the view which is now to be taken of the evidence, that there was no spirit of recklessness on her part, no intention to take a risk, no thought of encountering danger or hazard, and no calculation of chances; there was simply a lack of sufficient precaution. Under these circumstances, the case differs from *Messenger* v. *Dennie*, 137 Mass. 197, and 141 Mass. 335; and we think it was properly left to the jury to determine, under all the circumstances of the case, whether the plaintiff was using such care as was reasonably to be expected of her. See *Collins* v. *South Boston Railroad*, 142 Mass. 301, 314; *Mattey* v. *Whittier Machine Co.* 140 Mass. 337; *O'Connor* v. *Boston & Lowell Railroad*, 135 Mass. 352, 361; *Murley* v. *Roche*, 130 Mass. 330; *Lynch* v. *Smith*, 104 Mass. 52; *Mulligan* v. *Curtis*, 100 Mass. 512; *Bliss* v. *South Hadley*, 145 Mass. 91. *Exceptions overruled.*