Mason, J.
This is an action of tort resulting from injuries sustained by the plaintiff, an infant, as a result of an automobile accident on December 30, 1934 The plaintiff’s declaration is in two counts, the first being based on the alleged negligence of the defendant, and the second on an alleged violation of the General Laws of the Commonwealth, Ch. 89, §5. The defendant’s answer is a general denial and a plea of contributory negligence and a plea that the motor vehicle involved was not being operated by or under the control of the persons for whose conduct the defendant was legally responsible.
The plaintiff’s attorney in his opening stated the following facts. At the time of the accident the plaintiff was seated on the rear of a sled on which she had been coasting down Summer Street, a public highway in the Town of Auburn. Summer Street runs down grade and intersects Boyce *214 Street. As she approached the intersection of Boyce Street, another public highway in Auburn, at a distance of from forty to fifty feet from the intersection, she saw an automobile being driven by the defendant on Boyce Street and she put her feet on the ground bringing the sled to a stop, after it had entered the intersection of Boyce and Summer Streets. The automobile driven by the defendant swerved to the left hand side of Boyce Street, and the plaintiff was struck sustaining physical injuries. At the time the defendant swerved to the left, he did not have an unobstructed view of a distance of three hundred feet. Aside from the fact that there was an alleged violation of G. L., ch. 89, §4, the defendant’s negligence consisted of the following acts:
He operated his automobile at an excessive rate of speed; he drove it to the left of the center of the road for a distance of four hundred feet; he failed to slow down at the intersection or upon approaching the plaintiff and other children who .were coasting; he did not have an unobstructed view for a distance of three hundred feet as he approached the intersection. The right hand side of the road was passable, but the road .generally was very icy. At the time of the accident the defendant’s automobile was not equipped with chains on its tires. Certain children who were acting as lookouts at the intersection of Boyce Street and Rockland Road, which is approximately opposite the scene of the accident, called to defendant, 'but he did not heed their warning.
It is not claimed by the plaintiff that the defendant was guilty of willful or wanton misconduct.
At the time of the accident an Ordinance of the Town of Auburn prohibited coasting on Summer Street and on Boyce Street.
*215 Following the plaintiff’s opening the defendant filed a motion for a finding for the defendant. The trial judge allowed this motion.
It is clear that on this statement of facts the Trial Court could have found the defendant negligent; hut it could not have found that the plaintiff was in the exercise of due care. The conduct of the plaintiff in this case is of the same character as that of the plaintiff in the case of Messenger v. Dennie, 137 Mass. 197. In that case a hoy eight years and nine months old was injured by being run over by the defendant’s horse and sleigh on a street in Brook-line. The plaintiff had been riding on the runner of a sleigh from which he had jumped into the path of defendant’s horse. In the opinion it is said — “There was no evidence of due care on the part of the plaintiff. He voluntarily and thoughtlessly put himself in a position of great and obvious danger. He suddenly left the sleigh on which he was riding, while it was in motion, in a frequented thoroughfare, and within thirty feet of the defendant’s horse, without looking back or thinking of what might be following. His injury was the natural consequence of his careless act. He was engaged in the sport of riding upon the runners of sleighs in the public streets with the consent of his parents; and, if he was too young to appreciate the danger of his act, he was too young to engage in that sport, and his parents were negligent in permitting it.”
This was confirmed when the case was again before the Supreme Court, Messenger v. Dennie, 141 Mass. 335. The same principle was applied in Patrician v. Garvey, 287 Mass. 62.
As the plaintiff was not in the exercise of due care she cannot recover under the first count of her declaration.
The plaintiff has argued that the defendant is liable under what is called the doctrine of “the last clear chance.” *216 But there are no facts to which any such doctrine could be applied. There is no offer to prove that the defendant was guilty of any negligent act or omission causing damage to the plaintiff after the defendant became aware that the plaintiff was in a place of danger. The second count of the declaration is framed under G. L. (Ter. Ed.) ch. 89, §5, which is as follows:—
“Whoever violates any of the provisions of the four preceding sections, shall, upon complaint made within three months after the commission of the offense, forfeit not more than twenty dollars, and be liable in an action commenced within twelve months after the date of such violation for all damage caused thereby.”
This section of the statute was in force at the time of the injury to the plaintiff, and the present case is not affected by the modification of this section by Acts of 1936 c. 49.
This statute had been in force for a long time, and has been before the Court several times.
We have not been referred to any case holding that contributory negligence of the plaintiff is not a bar to action under this section. The only ease which we have seen which comes anywhere near to supporting this proposition is Fales v. Dearborn, 1 Pick. 345. In that case “Ward, chief justice of the Court of Common Pleas, instructed the jury, that the statute was applicable to all highways, as well in Boston as elsewhere; that the right side of the street was the peculiar right of the traveller, and although he might use the middle, or the left side, when he did not interfere with the rights of other persons, yet if he departed from the right side and interfered with other persons, and damag’e was done to them, he was responsible for the consequences; that if the jury found that the chaise of the defendant was on the left side of the street which he was coming down, the defendant was answerable for any injury which they might *217 find the plaintiff had sustained.” The Court gave the following very brief opinion — “The Court observed that the defendant, before he attempted to cross to Concert Hall, ought to have seen that he could do it without interfering with persons who were in the proper exercise of their right of passing through the street, and that they saw no reason to find fault with the direction of the judge of the Court of Common Pleas.” Apparently no issue was raised as to the due care of the plaintiff in that case.
Commonwealth v. Allen, 11 Met. 403, was a case to enforce the penalty provided in this section. It is said at page 405 — “It is the negligence or wrongful act of the defendant that constitutes the public offense irrespective of the want of ordinary care of the other party. Such would be the rule as to an indictment against an individual for a nuisance on the highway. In such case, it being shown that a party had placed an obstruction of any kind on the highway, that would amount to a nuisance; and it would constitute no defence, that the traveller might avoid all collision or injury from that source, if he should exercise ordinary care and diligence to do so.
In a civil action for damages by a party travelling on such road a very different rule might be'applicable. ”
Soon after this case we have the case of Parker v. Adams, 12 Met. 415. This was an action for personal injury caused by negligence, the negligence consisting of a violation of the law of the road. The section of the statute now in question was called to the attention of the Court. No question of pleading was raised. It was said at page 417— “The decision of the present case only requires, as we apprehend, the application of well established principles which have been often applied to analogous cases. The plaintiff alleges that he received an injury while travelling lawfully upon a public street in the City of Boston. That *218 injury arose from a collision of two vehicle's driven by the servants of the two litigating parties. To entitle the plaintiff to recover of the defendant damages for the injury he thus sustained, he must show the injury to have been attributable to the misconduct of the defendant, and under such circumstances as to exonerate himself from all neglect of duty on his part. ’ ’
In Brown v. Alter, 251 Mass. 223, it was said at page 224 —“The plaintiff as a traveller on the highway cannot recover of the defendant for damage caused by a nuisance maintained on the highway without showing that his own want of care did not directly contribute to that damage. This is the rule of our own cases. * * * There is much to be said in favor of this rule as an abstract principle. The congestion upon highways has become so great that the general public safety seems to demand that there be no relaxation of the requirement of due care on the part of all travellers.”
The latter part of this quotation is quoted with approval in Kenyon v. Hathaway, 274 Mass. 47 at page 55.
Schusterman v. Rosen, 280 Mass. 582, was an action to recover for personal injuries caused by the negligence of the defendant. Apparently there was no count in the declaration based on G. L. (Ter. Ed.) ch. 89 §5. The opinion stated, at page 586, ‘ ‘ The evidence warranted a finding that the defendant became liable for all damages under G. L. (Ter. Ed.) ch. 89 §5.” On the following page it is held that whether the plaintiffs were in the exercise of due care was for the jury to decide.
The case of Gallagher v. Wheeler, Mass. A. S. (1935) 2615, contains an exhaustive study of this section of the statute. The declaration was expressly framed to enforce the right conferred by this statute. No evidence had been offered of any contributory negligence of the plaintiff, and *219 it is expressly stated — “There is no question as to the due care of the plaintiff.”
In a still later case founded on the same statute, DiDonato v. Benzi, Mass. A. S. (1936) 1453, there is an express finding that the plaintiff was in the exercise of due care.
It is a fair inference from the cases we have examined that the plaintiff, being guilty of contributory negligence, cannot recover under either count of her declaration.
There was no prejudicial error in the ruling of the Trial Court, and the report must be dismissed.