GEORGE E. PHELPS, administrator, vs. NEW ENGLAND
RAILROAD COMPANY.

Hampden.     September 28, 1898. — October 20, 1898.

Present: FIELD, C. J., HOLMES, KNOWLTON, BARKER, & HAMMOND, JJ.

*Loss of Life — Railroad — Grade Crossing — Action — Statute — Law and*
*Fact — "Gross Negligence."*

In an action against a railroad corporation for causing the death of the plaintiff's
intestate at a grade crossing, by failure to give the signals required by Pub. Sts.
c. 112, §§ 163, 213, it cannot be ruled, as matter of law, that gross negligence on
the part of the plaintiff's intestate was proved, if, while the evidence tended
strongly to show that the intestate was negligent, some of the important circum-
stances bearing on his conduct were in doubt. The jury alone could authorita-
tively determine them.

The use of the words " gross negligence " in Pub. Sts. c. 112, § 213, shows that the
Legislature intended a materially greater degree of negligence than the mere
want of ordinary care.

TORT, by the administrator of the estate of Rosetta Phelps,
for her death caused by a train at the crossing of Allen Street,
a highway at grade, by the defendant's railroad in Springfield.
The declaration contained two counts.   The first was under Pub.
Sts. c. 112, § 213; and the second alleged that the "intestate was
struck by one of the locomotives of the defendant, and received
severe bodily injury through the negligence of the defendant,
who carelessly omitted, while approaching the said highway with
its said locomotive, at a high rate of speed, to give any warning,
by a flagman or otherwise, or to properly guard said highway by
gates, bars, or other contrivances or appliances, and carelessly
and negligently failed to give the signals required by law before
approaching said crossing ; that it was then and there dangerous
by reason of the approach of said locomotive ; and that by reason
of the said injury the life of the plaintiff's intestate was lost."

At the trial in the Superior Court, before *Dewey*, J., the evi-
dence was conflicting as to whether the signals required by the
statute to be given at the approach of the crossing were given,
and the jury found, in answer to a question submitted to them,
that they were not given. The accident happened at half past
seven o'clock on the evening of March 31, 1897, it being cold
and dark. The deceased was seventy-one years of age.

One Eliza Merry, who accompanied the deceased, testified that she heard the train at what she supposed to be the Warner Street crossing, which was some distance away, so they started to cross; that, having stepped over the track, she turned and saw the deceased stepping over, when the locomotive which was just on the crossing gave three danger signals and then struck and killed her; that she herself listened for whistle and bell as she crossed, but heard neither; and that the deceased appeared to be confused.

On cross-examination, she testified that she had lived near the track for four years and the deceased for sixteen years, and that they both were familiar with all the trains; that the deceased was in good health, and that her hearing and eyesight were both good, although she wore glasses; that neither she nor the deceased looked or listened to see if the train was coming, stating for herself, "I did n't hear any whistle, so I did n't suppose it was near the crossing"; and that it was possible to see the headlight of the locomotive twenty-five or thirty feet away from the crossing.

Two other witnesses for the plaintiff testified that they heard the signal, but that they took it to be at the Warner Street crossing.

The defendant requested the following rulings: "1. Upon all the evidence, the plaintiff cannot recover under the first count. 2. Upon all the evidence, the plaintiff cannot recover under the second count. 3. If the plaintiff knew that the train was approaching, it is immaterial whether the signals were given or not. 4. If the plaintiff in any way learned before reaching the crossing that the train was approaching, and not being then in danger, undertook to cross the track in front of the train, she was guilty of gross negligence, and cannot recover."

The judge gave the second request, and refused to give the others, except as embraced in his instructions to the jury; and the defendant excepted.

The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*W: W. McClench,* for the defendant.

*J. B. Carroll,* (*W. H. McClintock* with him,) for the plaintiff.

KNOWLTON, J.    The only question in this case is whether the judge should have instructed the jury that the plaintiff's intestate

was guilty of gross negligence, and should have directed a verdict for the defendant. Plainly there was no evidence that she was in the exercise of due care, and the jury were therefore rightly instructed to find for the defendant on the second count.

The first count is founded upon the Pub. Sts. c. 112, § 213, under which a railroad corporation is liable if one is injured in person or property, or if the life of a person is lost, at a crossing where signals are required by the Pub. Sts. c. 112, § 163, and where the corporation neglected to give the required signals, and such neglect contributed to the injury, unless it appears that the person was "guilty of gross or wilful negligence, or was acting in violation of the law, and that such gross or wilful negligence or unlawful act contributed to the injury." When a plaintiff's case is made out in other particulars, the burden of proof is on the defendant to establish gross or wilful negligence, or an unlawful act of the person injured, or of some one representing him, which contributed to the injury, if the corporation would escape liability on this ground.

Where there are no binding admissions, and the case must be proved affirmatively by the testimony of witnesses, the court can seldom if ever rule, as matter of law, that a material fact is proved. The question what is established by testimony is ordinarily a question of fact for the jury.

In the present case the evidence tends strongly to show that the plaintiff's intestate was negligent; but some of the important circumstances bearing upon her conduct were in doubt on the evidence, and the jury alone could authoritatively determine them. The defendant sought to prove gross negligence within the meaning of the statute. How much greater is the degree of neglect necessarily existing in gross negligence than that which is always found in negligence that is not gross has never judicially been determined in this Commonwealth. But the use of the words "gross negligence" in the statute shows that the Legislature intended a materially greater degree of negligence than the mere want of ordinary care. *Galbraith* v. *West End Street Railway*, 165 Mass. 572. *Morey* v. *Gloucester Street Railway*, 171 Mass. 164.

We cannot say, as matter of law, that gross negligence on the part of the plaintiff's intestate was proved in this case.

*Exceptions overruled.*