PATRICK J. HAYES *vs.* EDWARD G. NORCROSS & another.

Suffolk. November 20, 1894. — January 2, 1895.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & BARKER, JJ.

*Personal Injuries — Child injured while Crossing a Street — Negligence — Due Care.*

If at the trial of an action for personal injuries occasioned to the plaintiff, a boy five years and six months old, by being run over by the defendant's team, the conduct of the plaintiff was such as the judgment of common men would universally condemn as careless in any child of sufficient age and intelligence to be permitted to go alone across a street on which teams are frequently passing, he was not in the exercise of due care and cannot recover.

TORT, for personal injuries occasioned to the plaintiff by being run over by the defendants' team. At the trial in the Superior Court, before *Maynard*, J., the defendants, at the close of the evidence, requested the judge to direct a verdict in their favor. The judge so directed a verdict; and the plaintiff alleged exceptions.

*S. D. Charles*, for the plaintiff.

*G. Cunningham & R. F. Herrick*, for the defendants.

KNOWLTON, J. There was no evidence that the driver drove over the plaintiff wantonly, and the evidence of negligence on his part was slight, and was contradicted, but we may assume that on this part of the case the plaintiff was entitled to go to the jury. The most important and difficult question in the case is whether there was any evidence that the plaintiff was in the exercise of due care. The circumstances attending the accident, so far as they are material to this question, are clearly shown and undisputed. The accident happened on Hudson Street in Boston on the 14th of October, at about five o'clock in the

afternoon. The street has an asphalt pavement, and most of the buildings upon it are dwelling-houses. There was evidence from a policeman called by the plaintiff that there is much driving upon it, and that there had been frequent complaints of fast driving. The plaintiff was five years and six months old. His mother testified that at his request she had given him permission to go across the street to play with another boy in the yard of a neighbor, and that she had often told him not to play upon the street. The burden was on the plaintiff to establish by affirmative evidence facts which would warrant the jury in finding that he was in the exercise of due care. Inasmuch as his mother, who was his custodian, permitted him to go across the street unattended and come back in the same way, he cannot maintain his case without proving that he was of such intelligence and experience that he might properly be permitted to go back and forth across the street alone. If we assume in his favor that the jury might find this from his age, and from such other circumstances as were shown, the finding necessarily involves a finding that he knew something of the danger of being run over by passing teams, and of the necessity of trying to avoid them. Unless he had such knowledge, his mother was negligent in letting him go out alone, and her negligence would prevent his recovery. If the jury might find that he had such knowledge, and that boys of his age usually have it, is there anything in the evidence to show that he used such care as ordinarily careful boys of his age are accustomed to use under like circumstances? The defendants' team was a common covered grocery wagon drawn by a single horse, and was driven at a trot, according to the testimony, at the rate of about five or six miles an hour. It was near the sidewalk on the side of the street at the right of the driver, the witnesses estimating the distance from the walk variously from eighteen inches to five feet. It was in the daytime, and there was nothing to prevent the plaintiff from seeing it. He started from the sidewalk on the right of the horse to get across the street, came in contact with the horse's fore legs, was thrown down on the right hand side of the horse, and was run over by the wheels on the right hand side of the wagon. One of the witnesses said, "He started on the run across the street." There was other testimony to the same effect, and none in contradiction

of it. There was nothing to show a reason for his starting then, instead of waiting until the team had gone by.

From the time he started he went not more than five or six feet at most before he came in contact with the horse's legs. The horse must therefore have been very near when he started. He fell between the horse and the sidewalk, and the evidence indicates that he darted out quickly and ran against the horse. There is no view that can be taken of any of the testimony which would warrant a finding that he was ordinarily careful. That there may be other boys who carelessly expose themselves on the streets does not help him in his suit. While he is only bound to show that he exercised such care as ordinary boys of his age and intelligence are accustomed to exercise under like circumstances, the standard is the conduct of boys who are ordinarily careful. In *Collins* v. *South Boston Railroad*, 142 Mass. 301, 315, is this language: "It would seem that, if children unreasonably, intelligently, and intentionally run into danger, they should take the risks, and that children, as well as adults, should use the prudence and discretion which persons of their years ordinarily have, and that they cannot be permitted with impunity to indulge in conduct which they know, or ought to know, to be careless, because children are often reckless and mischievous."

Upon the undisputed facts, the conduct of the plaintiff in this case was such as the judgment of common men would universally condemn as careless in any child of sufficient age and intelligence to be permitted to go alone across a street on which teams are frequently passing. *Messenger* v. *Dennie*, 137 Mass. 197; *S. C.* 141 Mass. 335. *Casey* v. *Smith*, 152 Mass. 294.

*Exceptions overruled.*