JOHN CLINTON *vs.* BOSTON BEER COMPANY.

Suffolk.   November 18, 1895. — November 18, 1895.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & LATHROP, JJ.

*Personal Injuries — Child — Due Care — Negligence.*

An action for personal injuries occasioned to a child five years old by being run over in the street of a city by a wagon driven by the defendant's servant cannot be maintained if there was no evidence that the servant was negligent, or that the plaintiff or his mother, who had given him permission to leave the house alone to make a purchase at a store, was in the exercise of due care.

TORT, for personal injuries occasioned to the plaintiff by the alleged negligence of the defendant's servant in driving a wagon drawn by a pair of horses over him.

At the trial in the Superior Court, before *Fessenden*, J., there was evidence tending to show that the plaintiff, a boy five years and five months old, lived with his parents on the north side of Second Street in South Boston; that the street was sometimes pretty busy, although generally there were not many teams passing upon it; and that the plaintiff was a smart, healthy child, and was often sent by his parents to stores to get various articles without the aid of written memoranda.   The plaintiff's mother testified that on the morning of March 28, 1893, she sent him to the grocery after three articles, and on his coming home with them she gave him a penny and he left the house alone, with her permission, to buy candy; that there were two candy shops in the neighborhood; that she could not say to which one he went; that she did not see where he went or what he did from the time he left the house till she saw his foot before the wheel; that he went out alone and was not in the care of anybody; that when it was about time for him to come back she went to a window on the second floor to watch for him; that the first thing she saw on reaching the window was a pair of horses and a long wagon belonging to the defendant company; that the team was facing on Second Street, passing around the corner on another street by the window on the other side; that the next she saw was the plaintiff's left foot standing on the

ground about a foot or a foot and a half in advance of the farther hind wheel,— the right hand rear wheel; that almost in an instant the wheel was over it; that she put up the window and called to the driver to pick up the child for her; that the horses were walking fast, the driver holding the reins as a driver ordinarily does and looking straight ahead at the horses, and when the mother called to him he turned and looked back; that she could n't say whether he looked at the child or where he looked, but he looked towards where the child was; that he did not look up at her; that by the time she got to her door the wagon was gone; that it was very long and loaded with bags piled on one another; that the body of the wagon was " high up," and she could not see anything on the other side of it; that she saw one foot standing and the black stocking covering one leg of the child, but owing to the wagon and its load being between her and the child she saw none of his body until she saw him knocked down; that he was standing when the wheel went over him; that it was the only team in sight at the time of the accident, which occurred about nine o'clock in the forenoon; that she knew that the street was frequently traversed by brewery teams; that she had lived there seven or eight months, but at the time of the accident teams were not passing; and that in consequence of the injury received the plaintiff lost the whole of one of the middle three toes of his left foot and parts of two others.

The judge ruled that the plaintiff could not maintain the action, and directed a verdict for the defendant; and the plaintiff alleged exceptions.

*E. Glover,* (*E. Everett* with him,) for the plaintiff.

*J. A. Campbell,* for the defendant, was not called upon.

BY THE COURT. There was no evidence for the jury that the defendant was negligent, or that the plaintiff or his mother was in the exercise of due care.

*Exceptions overruled.*