RICHARD L. MOREY, administrator, *vs.* GLOUCESTER STREET
RAILWAY COMPANY.

Essex.   March 1, 1898. — May 19, 1898.

Present: FIELD,. C. J., ALLEN, HOLMES, KNOWLTON, & MORTON, JJ.

*Death — Street Railway — Due Diligence — " Gross Negligence " — Statute.*

An action against a street railway company, under St. 1886, c. 140, to recover damages for the death of the plaintiff's intestate, a boy eight years and one month old, whose life is alleged to have been lost by reason of the gross negligence of the motorman, while the boy himself was in the exercise of due care, cannot be maintained, if it appears that the car could be seen for a considerable distance as it was approaching, and its sound could be plainly heard; that the boy's view was unobstructed; that the railway had but a single track, and the distance from the curbstone of the narrow sidewalk to the nearest rail was only about twelve feet; and that he ran rapidly from the walk to the track in front of the car, and no reason or excuse was disclosed for his so doing.

TORT, under St. 1886, c. 140, to recover damages for the death of the plaintiff's intestate, Thomas Raymond Austin, whose life was alleged to have been lost by reason of the gross negligence of the defendant's motorman, while he himself was in the exercise of due care.

Trial in the Superior Court before *Braley*, J., who, at the close of the evidence for the plaintiff, directed the jury, at the request of the defendant, to return a verdict for the defendant; and the plaintiff alleged exceptions, which appear in the opinion.

*J. J. Flaherty*, for the plaintiff.

*W. I. Badger & H. W. Ogden*, for the defendant.

KNOWLTON, J. There was very little if any evidence of negligence on the part of the motorman. The testimony tends to show that, at about eight o'clock in the evening of July 24, an electric car was passing along the track on Main Street in the city of Gloucester, in the central part of the city; that the street was narrow, with narrow sidewalks, and a width of only twenty-seven feet for travel with teams between the curbstones; that the railroad track was about in the middle of the street, and the car was running at about the usual rate of speed, when the plaintiff's intestate, who was eight years and one month old, and who lived with his mother in a tenement over a grocery store nearly opposite the place of the accident, was spoken to by his sister, a girl of fourteen years of age, and made to understand that she wanted him to go into the house; and that he then started quickly to run across the street, and ran out diagonally in front of the car, where he was struck and killed. The evidence tended to show that the motorman gave a cry of alarm as soon as he saw the boy running before the car, and stopped the car as soon as he could. There was some evidence that the car was going a little faster than usual, but the highest estimate of the rate of speed testified to by any witness was eight or ten miles an hour. The whole testimony tended to show that it was going slower than that.

To recover under this statute, the plaintiff was bound to prove, not only that the motorman was negligent, but that he was guilty of gross negligence, which is recognized by the statute as something more than a mere want of ordinary care. *Galbraith v. West End Street Railway*, 165 Mass. 572. We do not find it

necessary to decide whether there was any evidence of gross negligence on his part, because we think that the ruling should be sustained on another ground.

The evidence was undisputed, and the fact cannot be doubted that the car could be seen for a considerable distance as it was approaching. The boy's view was unobstructed, and the sound of the coming car could be plainly heard. The railway had but a single track, and the distance from the curbstone of the narrow sidewalk to the nearest rail was only about twelve feet. According to the testimony of one of the plaintiff's witnesses, the boy " darted right out quickly, as quickly as most boys of his age are able to go ; that it did not take more than a second to go the ten feet from the sidewalk to the rail; that it all happened in the twinkling of an eye." The language used by the other witnesses was similar, and there was no dispute that he ran rapidly from the walk to the track in front of the car. The evidence discloses no reason or excuse for his going, and we are of opinion that his conduct, judged by the standard of the care of boys of common prudence, was such as would generally be condemned as careless.

In its principal facts this case is similar to *Hayes* v. *Norcross,* 162 Mass. 546, where it was held that there was no evidence of due care on the part of the plaintiff, who was a much younger boy than the present plaintiff, and who ran quickly from the sidewalk and was struck by the fore legs of a horse, which was being driven at an ordinary rate of speed along the street, near the curbstone. See also *Casey* v. *Malden,* 163 Mass. 507 ; *Mullen* v. *Springfield Street Railway,* 164 Mass. 450.

*Exceptions overruled.*