BENJAMIN B. SEWELL, JR., *vs.* NEW YORK, NEW HAVEN,
AND HARTFORD RAILROAD COMPANY.

Suffolk.    March 18, 1898. — May 20, 1898.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & LATHROP, JJ.

*Personal Injuries occasioned by riding Bicycle into a Train — Due Care.*

An action cannot be maintained for personal injuries occasioned to a boy nearly
thirteen years of age who rides a bicycle headlong into a train without taking
any precaution, his mind at the time being full of something else, and there
being nothing to excuse him for not looking if he could see, or for not getting
off his wheel and advancing cautiously if he could not see.

TORT, for personal injuries occasioned to the plaintiff by rid-
ing a bicycle into a train.    Trial in the Superior Court before
*Blodgett,* J., who, at the close of the evidence, directed the jury
to return a verdict for the defendant; and the plaintiff alleged
exceptions, which appear in the opinion.

*J. O. Teele,* for the plaintiff.

*C. F. Choate, Jr.,* for the defendant.

HOLMES, J.    This is an action for personal injuries caused by
running into a train at a crossing.    The judge directed a verdict
for the defendant, and the case is here on exceptions.    The plain-
tiff told his own story very fairly.    He was nearly thirteen at the
time.    He was riding a bicycle along a street in Hull, called V
Street, toward the seashore, and was looking straight ahead,
watching for a steamer which he wanted to see.    The street ran
to an electric railroad and continued on the other side of it, but
the crossing was private and so marked, although planked by
the railroad company.    The plaintiff knew of the railroad and
that trains ran upon it.    He paid no attention, did not look
out for the cars, but rode across the first track and on the
second was struck and hurt.    He says that he could have
stopped almost as quickly as if he had been on foot if he
had looked up the track and had seen the train.    He does
not pretend that he was relying upon receiving warning of an
approaching train, and it is not necessary to consider whether
there is any evidence that the train did not give whatever warn-

ing was usual and proper, (*Hubbard* v. *Boston & Albany Railroad*, 159 Mass. 320,) or whether it was bound to give any warning at all.    The case is the simple one of a boy riding headlong into a train without taking any precaution, his mind at the time being full of something else.    There is no evidence of due care on his part, as there was in *Tyler* v. *New York & New England Railroad*, 137 Mass. 238.    There is nothing to excuse him for not looking if he could see, or for not getting off his wheel and advancing cautiously if he could not see.    *Creamer* v. *West End Street Railway*, 156 Mass. 320, 324.    *Chase* v. *Maine Central Railroad*, 167 Mass. 383, 387.    *Butterfield* v. *Western Railroad*, 10 Allen, 532.    *Robertson* v. *Pennsylvania Railroad*, 180 Penn. St. 43.    *Exceptions overruled.*