## MARGARET I. McDERMOTT *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Suffolk.    March 3, 1903. — September 2, 1903.

Present: KNOWLTON, C. J., MORTON, LATHROP, BARKER, HAMMOND, LORING, & BRALEY, JJ.

*Negligence.*

A child six and one half years old, passing over a cross walk from one side of a street to the other on her way to school, and following other children across an electric car track without looking to see whether a car is coming or listening for the ringing of a gong, is not as matter of law necessarily negligent, and, in an action by her against the railway company for injuries from being struck by the car, the question of her due care is for the jury.

TORT by an infant by her next friend for injuries from being struck and knocked down by a car of the defendant. Writ dated December 18, 1899.

At the trial in the Superior Court *Bishop*, J. at the close of the plaintiff's evidence ordered a verdict for the defendant, on the ground that the evidence did not disclose that the plaintiff was in the exercise of due care. The plaintiff alleged exceptions.

The case was argued at the bar in March, 1903, before *Knowlton*, C. J., *Lathrop*, *Barker*, *Hammond*, & *Braley*, JJ., and afterwards was submitted on briefs to all the justices.

*F. P. Curran*, for the plaintiff.

*E. P. Saltonstall*, (*W. Flaherty* with him,) for the defendant.

BRALEY, J.    At the time of the accident, the plaintiff, a child six and a half years of age, was on the cross walk at the intersection of Highland Avenue with Cherry Street in the city of Somerville, and as she was passing over the track of the defendant, one of its cars struck her. The defendant offered no evidence at the trial, but at the close of the plaintiff's case asked the judge to rule that she was not in the exercise of due care and could not recover. The judge so ruled, and the case is here on her exception to the ruling.

The plaintiff did not testify, but from the evidence set out in the exceptions it appears that she was on her way to school with

other children.   The schoolhouse, known as the Burns School, was on Cherry Street, which ran westerly from the westerly side of Highland Avenue, and to reach it the plaintiff and other children from the same section of the city attending that school would be obliged to pass over Highland Avenue at the cross walk that ran from the east side of the avenue to Cherry Street. While walking with the other children, some of whom preceded her, as she came up to the cross walk through which ran the track of the defendant, and when within six or seven feet of the rail, the car that struck her was about one hundred and forty feet distant, and in full view from the crossing.   At that time the conductor in charge of the car, which was running at " a pretty good rate of speed," first saw her, and while it would be obvious to any one in the motorman's place that children were in the street and passing over the crossing, the gong was not sounded until the car was within ten or fifteen feet of the plaintiff, who does not appear to have either seen it coming or heard the gong.   The children in front of her kept on walking over the track ; she followed, and as she stepped on the rail the accident happened.

It cannot be held as matter of law that for a child six and one half years of age to pass over a cross walk that leads from one side of a street to the other, while on her way to school, and through which runs the track of a street railway, is of itself negligence.   The question is narrowed to the inquiry, ought the plaintiff, when she could have seen the car, to have looked to see if one was coming, and also to have listened for the sound of the gong before attempting to cross the street, and whether, having failed to do so, she must therefore be held to have been guilty of such contributory negligence as bars her recovery.

In the cases that from time to time have been before this court in which the due care of children of tender years, while travellers upon the public ways, has been discussed, it has been said that the child " is to be held to the exercise of that degree of care which may reasonably be expected of children of his age, or which children of his age ordinarily exercise." *Collins* v. *South Boston Railroad,* 142 Mass. 301, 314, and cases cited. The principle is clearly defined, but the difficulty arises in its application to the facts of different cases, and it often becomes a

matter of great perplexity and doubt to determine if the child is of such tender years that the rule cannot be held to govern, and the doctrine of imputed negligence as applied to the conduct of parents or those intrusted with his care must be invoked. A child may be so young in years that if allowed by his parents, or those having custody of his person, to go unattended on the highways, such conduct on their part would unhesitatingly be condemned by the average judgment of men as careless, and to be imputed to the child if he should thereby be injured. It was accordingly held that to allow a child two and one half years old unattended to pass across a public street in a city, and which was traversed by a horse railroad, was *prima facie* evidence of want of due care of those having him in charge. *Wright* v. *Malden & Melrose Street Railroad*, 4 Allen, 283, 289. See *Butler* v. *New York, New Haven, & Hartford Railroad*, 177 Mass. 191; also *Cotter* v. *Lynn & Boston Railroad*, 180 Mass. 145.

But in *Lynch* v. *Smith*, 104 Mass. 52, and in *Hayes* v. *Norcross*, 162 Mass. 546, the plaintiffs being respectively four years and seven months and five years and six months of age, on the facts disclosed it was said that the issues involved were, did the plaintiff possess such a degree of intelligence and knowledge that he could properly be allowed to go alone through the street, and if it was found that he did, then did he use such care as an ordinarily prudent and careful boy of his age *is accustomed to* use under like circumstances. "School children who are properly sent to school unattended must use such reasonable care as school children can. It must be reasonable care adapted to the circumstances, or, in other words, the ordinary care of school children." The case at bar falls within the law of these cases, and whether a child of the age of the plaintiff is sufficiently intelligent to be allowed to attend the public schools in the ordinary way unaccompanied, as well as the degree of foresight required of, and used by the plaintiff under the circumstances, as shown by the evidence, are to be determined as questions of fact. *Lynch* v. *Smith, ubi supra*. *O'Brien* v. *Hudner*, 182 Mass. 381.

The evident willingness to take chances and the accompanying spirit of recklessness on the part of the plaintiff that appears in cases like *Messenger* v. *Dennie*, 137 Mass. 197, *Mullen* v. *Spring-*

*field Street Railway*, 164 Mass. 450, *Morey* v. *Gloucester Street Railway*, 171 Mass. 164, and *Sewell* v. *New York, New Haven, & Hartford Railroad*, 171 Mass. 302, are wanting in this case.

The relative rights of the parties in the use of the street are clear. The plaintiff had a right to the use of the street as a traveller for the purpose of going to school, equal to that of the defendant to run its cars therein as a common carrier of passengers. It is difficult to distinguish in principle this case from *O'Shaughnessy* v. *Suffolk Brewing Co.* 145 Mass. 569. In that case a girl eight years and one month old, while on her way to school, sat down on the edgestone of the sidewalk for the purpose of sharpening a slate pencil. She knew that there was much driving on the street and did not at any time look to see if a wagon was coming. As she sat with one leg under her and the other leg projecting into the street, she was struck by a wagon belonging to the defendant and run over, and the question if at the time she was in the exercise of due care was held to have been properly submitted to a jury. Here the plaintiff was properly on the cross walk, where foot travellers crossing Highland Avenue at that point would be, and had a right to rely on the presumption that the servants of the defendant, knowing the use of the walk by children going to the Burns School, would pay that regard to those lawfully in the street at that place which reasonable care and diligence required. It might be found that it would be childlike and natural for her to follow her companions and to pay no close attention to surrounding conditions. For these reasons it cannot be said as matter of law that the plaintiff's failure either to look and ascertain if a car was coming, or to listen for the ringing of the gong, or to fully appreciate the possibility that cars passing the crossing would run at such speed that she might be struck before she passed over the track was contributory negligence. *Plumley* v. *Birge*, 124 Mass. 57. *Moynihan* v. *Whidden*, 143 Mass. 287, 292. *McNeil* v. *Boston Ice Co.* 173 Mass. 570. *Aiken* v. *Holyoke Street Railway*, 180 Mass. 8.

Upon the evidence a jury could find that the plaintiff was in the exercise of such care as might be expected of the ordinarily prudent child of her age, and there must be a new trial.

<em>Exceptions sustained.</em>