ELDENINE M. YOUNG *vs.* SANFORD SMALL & others.

Norfolk.   January 25, 1905. — April 4, 1905.

Present: KNOWLTON, C. J., MORTON, LATHROP, LORING, & BRALEY, JJ.

*Negligence*, Contributory.

A girl nine years of age, who on her way home from school while engaged in play-
ing a game with other children runs across a street without looking to see
whether any team is coming and is struck and run over by a team, cannot re-
cover against the proprietor of the team for her injuries whether the driver is
negligent or not, as she cannot be found to be in the exercise of such a degree
of care as reasonably is to be expected from a child of her years.

TORT, by a girl nine years of age, for personal injuries from
being run over by a horse and provision wagon of the defendants
on Sagamore Street at or near the corner of Newbury Avenue
in Quincy on January 30, 1903.   Writ dated April 2, 1903.

At the trial in the Superior Court before *Schofield,* J., it ap-
peared that the plaintiff was going home from school with other
children and that they had been " playing chase " along New-
bury Avenue, that the plaintiff and another girl, eleven years
of age, took hold of hands and started to run across Sagamore
Street, that the boys with whom they were playing had started
to chase them again and their purpose in running across the
street was to get away from the boys, this being a part of the
game, that the plaintiff " was not thinking anything about
the team" when she ran across the street, and that before she
got half way across the other girl let go of her hand, she was
struck by the horse and knocked down and one of the wheels
of the wagon ran upon her left leg, so that, as the plaintiff
testified, the driver had to "back it off" before he could pick
her up.

At the close of the evidence the judge ordered a verdict for
the defendants ; and the plaintiff alleged exceptions.

*J. J. Feely & R. Clapp,* for the plaintiff.

*S. H. Tyng & J. W. McAnarney,* for the defendants.

BRALEY, J.   The plaintiff, a girl nine years of age, was re-
turning from school with a companion, and they with other chil-
dren were engaged in playing in the street, through which at

the same time the defendants' team was passing in charge of their servant.

Her testimony showed that she was not giving any attention to the use of the street by others, being entirely absorbed in play, when without looking to see if there were passing teams, or if it was free from obstructions, she deliberately ran across the street, and was struck by the horse and knocked down.

It may be conceded that she had reached an age of sufficient maturity to be allowed to use the public ways to go to and from school without negligence being imputed to her parents, yet she was required to exercise such a degree of care as reasonably was to be expected of a child of her years. *McDermott* v. *Boston Elevated Railway*, 184 Mass. 126, 128.

But if the plaintiff was lawfully upon the highway, yet her heedlessness in crossing a public street although under momentary excitement, without the least regard to its use at the time by other travellers, exhibits a spirit of carelessness, and a willingness to take chances that prevents her recovery, for it is apparent that if she had looked, the team easily could have been avoided. Such conduct, judged by the ordinary standard of care shown by children of her age, must be deemed to have been negligent, and precludes her recovery. *Messenger* v. *Dennie*, 137 Mass. 197. *Mullen* v. *Springfield Street Railway*, 164 Mass. 450. *Morey* v. *Gloucester Street Railway*, 171 Mass. 164. *Sewell* v. *New York, New Haven, & Hartford Railroad*, 171 Mass. 302. *Murphy* v. *Boston Elevated Railway, post*, 8.

No consideration of the due care of the defendants' servant is required, as this negligence on her part is sufficient to sustain the ruling under which a verdict was ordered for the defendants.

*Exceptions overruled.*