CATHERINE MURPHY, administratrix, *vs.* BOSTON ELEVATED
RAILWAY COMPANY.

Suffolk.    March 7, 1905. — April 4, 1905.

Present: KNOWLTON, C. J., LATHROP, BARKER, HAMMOND, & BRALEY, JJ.

*Negligence,* Contributory.    *Street Railway.*

If a bright, intelligent boy five years and four months of age, sent on an errand
which requires him to cross a street on which electric cars frequently are pass-
ing in both directions, having no reason for haste and when a car in plain sight
is one hundred and twenty feet distant coming toward him with great speed,
leaves the curbstone at a cross walk which he does not follow and taking a diag-
onal course goes at a gait faster than a walk to a point between the rails, and
then attempts to dodge but is run over and killed by the car, in an action under
Pub. Sts. c. 112, § 212, against the railway company for causing his death by the
gross carelessness of its servants, it cannot be found that the boy exercised the
degree of care reasonably to be expected from children of his age, and the ac-
tion cannot be maintained.

TORT, under Pub. Sts. c. 112, § 212, for causing the death of the
plaintiff's intestate run over by a car of the defendant on Centre
Street in that part of Boston called Roxbury on November 14,
1900, through the alleged gross negligence and carelessness of
the defendant's servants.    Writ dated February 23, 1901.

At the trial in the Superior Court *Maynard,* J. ordered a
verdict for the defendant; and the plaintiff alleged exceptions.

*T. H. Dowd,* for the plaintiff.

*C. F. Choate, Jr.,* for the defendant.

BARKER, J.    The plaintiff's intestate, a boy five years and four
months of age, bright, intelligent and well developed for his
years, lived on New Heath Street near Centre Street in the
Roxbury district.    He had travelled on the street cars and knew
Centre Street and knew there were two street railway tracks
there upon which the cars ran frequently, in both directions.
He had been sent on errands before November 14, 1900.    On
that day he was sent on an errand to Highland Street which
leads off from Centre Street some distance southerly from New
Heath Street.    To do the errand he must cross Centre Street.
In attempting to cross he was run over by a car of the defend-

ant and killed.　At the place where the child left the curb to cross Centre Street the nearest rail was sixteen feet from the curb, and the overhang of the car was two feet.　There was nothing to obstruct his view of the car which was approaching on a down grade of five per cent at a speed variously estimated as from twelve to twenty miles per hour.　Two brewery teams which had been moving in the same direction with the car on its track had just swung out to the other track to allow the car to pass them.　The street was quiet with nothing to attract the boy's attention but the car and the two brewery teams.

The evidence consisted of a plan and the testimony of an engineer explaining the plan, the testimony of a foot traveller who was walking on the sidewalk near by and saw the accident, that of the driver of the first brewery team, who does not seem to have seen the boy until after the accident, and of the testimony of the mother of the boy and of the person with whom he was living and who had sent him upon the errand.　Neither of these two witnesses last mentioned saw the accident or knew of it until afterwards.　In addition a medical examiner testified that the boy was killed in consequence of the crushing of his skull. The judge ruled that upon all the evidence the plaintiff could not recover, and the case is here upon an exception to that ruling.

The only evidence of gross negligence on the part of the defendant's servants is that as to the speed of the car, and that as the car passed the brewery teams the motorman turned his head in their direction, which was to turn it away from the sidewalk, and that no gong was sounded.　We assume without so deciding that the question whether the motorman was grossly negligent was for the jury.　We are of opinion that upon the evidence the jury could have found that the person with whom the boy was living was not negligent in sending him unattended upon an errand which required him to cross Centre Street.　*Lynch* v. *Smith*, 104 Mass. 52, 56.　Whether the ruling excepted to was right depends upon whether it could be found as a reasonable inference from the evidence that the plaintiff had sustained the burden of proving that the boy in attempting to cross the street at the time and place and in the manner in which he did attempt it when he left the curb was in " the exercise of that degree of

care which may reasonably be expected of children of his age, or which children of his age ordinarily exercise." *Collins* v. *South Boston Railroad*, 142 Mass. 301, 314, and cases cited. *McDermott* v. *Boston Elevated Railway*, 184 Mass. 126, 127. If a child of sufficient age and capacity to be allowed properly to travel unattended in a public way used in part by electric cars, is injured by a collision in the street, it is contributory negligence on his part if he unreasonably, intelligently and intentionally ran into the danger, even if children of his age often are reckless. *Collins* v. *South Boston Railroad*, 142 Mass. 301, 315. *Hayes* v. *Norcross*, 162 Mass. 546, 548.

In the present case the danger of being run over by an electric car in crossing Centre Street must be taken to be one which the plaintiff's intestate knew, and which he ought to have had in mind, and he could not rightly be found to have been in the exercise of due care unless it could be found reasonably from the evidence that he exercised some care and forethought to avoid that danger.

We think no such inference properly could be drawn from the evidence. There was nothing in the street to attract his attention except the two brewery teams and the approaching car. There was nothing to call upon him to make haste, and he could choose his own time and place for crossing Centre Street. He left the curb at a cross walk which he did not follow but took a diagonal course. The car was in plain sight. When he left the curb the car was but one hundred and twenty feet distant and was coming with speed. He started from the curb at a gait faster than a walk and went in a straight course to a point between the rails, and then attempted to dodge. The whole distance from the point at which he started to run from the curb to the spot where he was struck was only sixteen or eighteen feet. The witness who saw the occurrence testified that it was all over in an instant, that the boy seemed to start all of a sudden and run right there, and that the witness did not have time to call to him.

Having no reason for haste, or for attempting to cross Centre Street at that point rather than another, there is nothing in the circumstances disclosed by the evidence to show that the boy exercised any care whatever for his own safety, until he was

between the tracks in front of the car and the collision was inevitable. *Morey* v. *Gloucester Street Railway,* 171 Mass. 164. See also *Hayes* v. *Norcross,* 162 Mass. 546 ; *Mullen* v. *Springfield Street Railway,* 164 Mass. 450.

*Exceptions overruled.*