BERNARD J. BURNS, JR. *vs.* WORCESTER CONSOLIDATED
STREET RAILWAY COMPANY.
BERNARD J. BURNS *vs.* SAME.

Worcester. October 2, 1906. — October 16, 1906.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & RUGG, JJ.

*Negligence. Street Railway.*

In an action against a street railway company by a boy eight years of age when injured, for personal injuries from being run into by a car of the defendant while crossing a highway, there was evidence that the plaintiff to reach his destination was obliged to cross the street in question on which were tracks of the defendant where cars frequently were passing, and that the plaintiff with knowledge of these conditions, seeing a car slowly moving past, waited between the sidewalk and this car until it had passed, and then, after listening and not hearing a bell, which he had observed always was rung when a car passed this point, and, seeing no car except at some distance to the south, started to cross over, that, upon reaching the middle of the track used by cars going north, he saw a car coming, and, jumping back to avoid it, was struck by the under side of the running board and thrown under the wheels of the rear truck. It also could have been found that other travellers were passing over the street at the time that the plaintiff attempted to cross. *Held*, that there was evidence for the jury that the plaintiff was in the exercise of the degree of care which under like conditions would be exercised by an ordinarily prudent child of his age.

In an action against a street railway company by a boy eight years of age when

injured, for personal injuries from being run into by a car of the defendant while crossing a highway, if it appears that a rule of the defendant required the gong to be rung at all street crossings and at all points where vehicles or foot passengers were crossing or ordinarily would be likely to cross the tracks, and that this signal was not given by the motorman and had it been given would have prevented the accident, and if there also is evidence from which it could be found that the motorman failed to observe the plaintiff who was in front of the car near the middle of the track, and that had he used reasonable diligence he would have seen him and could have prevented the accident by applying at once the emergency brake, there is evidence to go to the jury of negligence on the part of the defendant.

TWO ACTIONS OF TORT, the first by a boy eight years of age when injured for personal injuries from being run into by a car of the defendant while crossing Main Street in Worcester, and the second by the father of the plaintiff in the first case for loss occasioned by the injuries to his son. Writs dated November 26, 1904.

In the Superior Court the cases were tried together before *Pierce*, J. At the close of the evidence, which is described sufficiently in the opinion, the defendant asked the judge to rule that upon the evidence the plaintiffs could not recover, and that in each case the verdict must be for the defendant. The judge refused to rule as requested, and submitted the cases to the jury.

The judge in his charge left it to the jury to say whether or not upon the evidence the car which the infant plaintiff saw " way down there opposite a store " could have been the car that struck him.

The jury returned a verdict for the plaintiffs, in the first case in the sum of $5,416, and in the second case in the sum of $1,150. The defendant alleged exceptions in both cases.

*C. C. Milton*, for the defendant.

*W. Thayer*, for the plaintiffs.

BRALEY, J. Unless the jury should have been instructed that as matter of law either the infant plaintiff was careless, or that there was no evidence of the defendant's negligence, the verdicts in favor of his father and of himself must stand. In lawfully using the public ways concurrently with the defendant, the infant plaintiff as a traveller was required to exercise only such degree of care as under like conditions would have been exercised by the ordinarily prudent child of his years. *McDer-*

*mott* v. *Boston Elevated Railway*, 184 Mass. 126. *Young* v. *Small*, 188 Mass. 4, 5. *Slattery* v. *Lawrence Ice Co.* 190 Mass. 79. *Sullivan* v. *Boston Elevated Railway*, 192 Mass. 37. At the time of the accident he was about eight years of age, and while on his way to the common was obliged to cross Main Street which ran north and south. In this street were located tracks of the defendant over which cars were frequently passing, and with knowledge of these conditions, seeing a car slowly moving past, the plaintiff waited between this car and the sidewalk until it had passed, and then, after listening and not hearing any bell, which from his former observation was always rung when a car passed this point, or seeing any car except at some distance to the south, started to cross over. Upon reaching the middle of the track used by cars going north, he saw a car coming, and jumping back to avoid it, was struck by the under side of the running board, and thrown under the wheels of the rear truck. It is plain, if this part of his narrative was believed, that while the plaintiff's view of the tracks from where he stood was unobstructed, there was no attempt to take the risk of getting over safely in front of an oncoming car moving at a high rate of speed as was the fact in *Murphy* v. *Boston Elevated Railway*, 188 Mass. 8, 9, 10. Instead he listened for the ringing of the bell, and not hearing this warning, nor seeing any car except at a distance, he proceeded to cross the street. If from his evidence the inference could have been drawn that he was struck by this car as the defendant contends, instead of by another car as contended by him, such an inference was a question of fact to be determined by the jury. But, if this contention was found to be sustained, this fact would not have been conclusive of his right to recover, for at most, even if he had been an adult, it would have been evidence to be considered as bearing on the degree of care which he should have used. *Silva* v. *Boston Elevated Railway*, 183 Mass. 249. It also could have been found that the plaintiff's conduct might have been influenced by the further fact that other travellers were passing over at the time, and using such judgment as boys of his age ordinarily possess he considered it prudent to follow. *Aiken* v. *Holyoke Street Railway*, 180 Mass. 8. *McDermott* v. *Boston Elevated Railway*, 184 Mass. 126. *Hennessey* v. *Taylor*, 189

Mass. 583.   Under suitable instructions, which presumably were given as no exceptions were taken to the charge, upon all the evidence the question of the due care of the plaintiff was for the jury to determine.   *Howland* v. *Union Street Railway,* 150 Mass. 86.   *Rosenberg* v. *West End Street Railway,* 168 Mass. 561. *McNeil* v. *Boston Ice Co.* 173 Mass. 570, 577.   *O'Brien* v. *Hudner,* 182 Mass. 381.

The evidence as to the position of the plaintiff immediately before he was injured was conflicting.   According to the testimony introduced by the defendant he ran directly back of the car which was going south, and at once came into contact about midway of its length with the car coming from the south and going north.   But according to the evidence of the plaintiff, who was corroborated by other witnesses, he did not cross until after the car going south had passed, and when he first saw the car that struck him he had reached the middle of the easterly track, about ten feet in front of the car, which was moving at a speed not exceeding four miles an hour.   It was undisputed that notwithstanding a rule of the company requiring the gong to be rung at all street crossings, and at all points where vehicles or foot passengers were crossing or ordinarily would be likely to cross the tracks, this signal was not given by the motorman, and that if the emergency brake had been applied the car could have been stopped within a distance of from three to five feet.   The jury were not bound to adopt the defendant's theory of the accident, or to accept the evidence of its witnesses.   If they believed the plaintiff's statement as being a true version of his conduct, and of the management of the car by the defendant's servant, they could find that the motorman not only neglected to give the required warning, but failed to observe the plaintiff, who was in front of the car near the middle of the track, and that if he had used reasonable diligence he would have seen him, and observing his peril at once should have applied the emergency brake, and that if this precaution had been taken or the gong rung the accident would have been avoided.   *Stevens* v. *Boston Elevated Railway,* 184 Mass. 476, 479.   These inferences were questions of fact solely for their consideration. *Sweetland* v. *Lynn & Boston Railroad,* 177 Mass. 574.   *Driscoll* v. *West End Street Railway,* 159 Mass. 142, 147.   *Aiken*

v. *Holyoke Street Railway*, *ubi supra.* *Doyle* v. *West End Street Railway*, 161 Mass. 533. *Stevens* v. *Boston Elevated Railway*, *ubi supra.*

*Exceptions overruled.*