JULIA HOLIAN *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Suffolk.    November 21, 1906. — February 25, 1907.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, BRALEY, SHELDON, & RUGG, JJ.

*Negligence.    Street Railway.*

If a girl ten years and four months of age standing upon the curbstone of a sidewalk sees an electric car approaching when it is about eighty feet distant from her and, thinking that she has time to pass in front of it, starts to cross the street with the car in plain sight and with nothing to distract her attention, and, making no attempt to avoid the car either by quickening her pace or by waiting for it to pass, steps in front of the car and is knocked down and injured, she cannot recover for her injuries from the corporation operating the car, even if such operation is negligent, there being no evidence of such a degree of care on her part as reasonably can be expected from a child of her years.

TORT, by a girl ten years and four months old when injured, for personal injuries from being struck and knocked down by an electric car of the defendant while attempting to cross Cambridge Street at its junction with Columbia Street and Webster Avenue in Cambridge at five o'clock in the afternoon of May 2, 1900. Writ dated May 17, 1900.

At the trial in the Superior Court before *Fox*, J. the facts appeared which are stated in the opinion, and it also appeared that the plaintiff since she was three years old had lived in Cambridge on Columbia Street, a few doors from Cambridge Street, along which electric cars ran every few minutes, and since she was six years old had walked to school and back, two sessions daily, during the school months, from September to the middle of June in each year, and that she was of average intelligence, size and activity at the time of the accident.

At the close of the plaintiff's evidence the judge ordered a verdict for the defendant; and the plaintiff alleged exceptions.

The case was submitted on briefs at the sitting of the court in November, 1906, and afterwards was submitted on briefs to all the justices.

*T. W. Coakley, D. H. Coakley & R. H. Sherman*, for the plaintiff.

*F. Ranney & W. E. Monk*, for the defendant.

SHELDON, J.   This is a close case upon the question whether the plaintiff was in the exercise of that degree of care which could properly be expected of a child of her years ; but we are of opinion that the verdict for the defendant was ordered rightly.

The evidence showed that the plaintiff, just before stepping off the curbstone into the roadway, looked up the track and saw the defendant's car approaching.   It was then about eighty feet distant from her.   She walked across the street so as to pass in front of the car, which was in plain sight all the time, with nothing whatever to prevent her from seeing it if she had looked at all. She simply walked across the street in face of the approaching car, without taking any precaution for her own safety, when she might have avoided the accident either by quickening her pace or by waiting for the car to pass.   There was evidence of previous care on her part in looking for the car before she left the sidewalk ; but we cannot find that she did anything at all for her own safety, or even had it in mind after she started to cross the street.   She knew that the car was approaching ; she had considered the question whether she would have time enough to get across, and acted upon her affirmative conclusion ; then apparently she dismissed the subject entirely from her mind and left her safety wholly to chance or to the care of the defendant's motorman.

The case does not differ in principle from *Murphy* v. *Boston Elevated Railway*, 188 Mass. 8, or from *Stackpole* v. *Boston Elevated Railway*, 193 Mass. 562, in which the plaintiff, a boy of eleven years, passed behind a car on one track and was hit by a car on the other track which he testified that he had failed to see ; and it was held that his own negligence prevented him from recovering.   The cases relied on by the plaintiff's counsel, while recognizing the undoubted rule that a child is not to be held to the same degree of care that an adult ought to

exercise, contain nothing at variance with the rule here stated. *McDermott* v. *Boston Elevated Railway*, 184 Mass. 126, simply holds that it is not necessarily negligent for a child six and a half years old to fail to look or listen for a car before following other children across an electric railway track. *Mattey* v. *Whittier Machine Co.* 140 Mass. 337, turned upon the fact that there was conflicting evidence as to the circumstances of the accident. In *O'Connor* v. *Boston & Lowell Railroad*, 135 Mass. 352, there was no indication of danger when the plaintiff started to cross the track, and he was held by his foot being caught between a rail and the planking. Other cases cited by the plaintiff depend upon the care of the parents or other persons in charge of a child of tender years, and are not applicable here.

The plaintiff seems to have stepped either heedlessly or recklessly in front of a car which, when she left the sidewalk, she knew was coming, which was all the time clearly within her sight with nothing to distract her attention. She neither paused nor hurried, nor did anything to avoid the accident. *Mullen* v. *Springfield Street Railway*, 164 Mass. 450. *Morey* v. *Gloucester Street Railway*, 171 Mass. 164. *Young* v. *Small*, 188 Mass. 4. There was no evidence that at the time of the accident she was exercising any care. *Mathes* v. *Lowell, Lawrence, & Haverhill Street Railway*, 177 Mass. 416.

It is unnecessary to consider the question of the defendant's negligence.

*Exceptions overruled.*