## ANGELO RUSSO *vs.* CHARLES S. BROWN COMPANY.
## PASQUALE D. RUSSO *vs.* SAME.

Suffolk.   January 6, 1908. — May 19, 1908.

Present : KNOWLTON, C. J., HAMMOND, LORING, SHELDON, & RUGG, JJ.

*Negligence.*

If a boy nine years of age runs out suddenly from the sidewalk into a street and immediately is struck in the back by the breast of a horse that is being driven on the right hand side of the street in front of an electric light at five o'clock on an afternoon in February, in an action against the owner of the horse for his injuries thus caused, it is not evidence of the plaintiff's due care for him to testify " I did not see any wagon or horses.  I looked to see whether there was any coming, but did not see any," because if he looked he must have looked carelessly, even for a boy of his age.

If a boy nine years of age starts from the side of a city street and runs diagonally down hill for fifteen feet at a dog trot looking directly at something on the opposite side of the street without looking behind him, and is struck in the back by the breast of a horse being driven on the right hand side of the street, he is not in the exercise of due care and cannot recover from the owner of the horse for his injuries thus caused.

TWO ACTIONS OF TORT, respectively for personal injuries and loss of services as described in the opinion.   Writs dated March 24, 1903.

At the trial in the Superior Court *Harris*, J., refused to rule that the plaintiff could not recover or that the plaintiff was not in the exercise of due care or that there was no evidence of negligence on the part of the defendant.   He submitted the cases to the jury, who returned a verdict for the plaintiff in the first case in the sum of $1,700 and a verdict for the plaintiff in the second case in the sum of $300.   The defendant alleged exceptions.

*R. Spring*, for the defendant.

*M. A. Sullivan*, for the plaintiff.

LORING, J.   The first of these actions is brought to recover for injuries suffered by the plaintiff.   The second is an action brought by the father of the plaintiff in the first action for the loss of his son's services.

The plaintiff in the first action (hereinafter spoken of as the plaintiff) was nine years and one month old at the time of the

accident. The story told by the plaintiff on the witness stand was as follows: About five o'clock in the afternoon of February 7, he (the plaintiff), his brother and another boy named Marco Angelus left the Public Garden in Boston (where they had been playing) for North Street. The plaintiff and his brother went up Beacon Street on the north sidewalk while Marco Angelus went up by way of the Common, on the grass near the iron fence. The plaintiff and his brother ran all the way from the Public Garden to the Somerset Club, the plaintiff being ahead of his brother. When the plaintiff reached the Somerset Club he " turned and ran out into the street without stopping," to go to a gate in the Common fence to join Marco Angelus, who was on the Common. He was struck in the back by the breast of the defendant's horse which was coming down Beacon Street, and injured.

The only other witness who testified to the accident as a witness for the plaintiff was employed as a carriage agent by Kenny and Clark, and was on duty in front of the Somerset Club. He gave an entirely different account of the occurrence. He testified that " about twenty-five feet above the crossing on the Common side I noticed three boys." He had previously testified: "I first saw the little boy who was hurt on that [the Common] side."

In other words, this witness says that all the boys before the accident were on Beacon Street, not two on Beacon Street and one on the Common. In addition he testified that they were on the Common side, not on the Somerset Club side of that street, and he places them " above the crossing," which must mean that the boys were going down not up Beacon Street. For according to his testimony all three boys " were headed for the Somerset Club between the front door and the employees' door, eight or ten feet below the crossing" when they came across Beacon Street. This interpretation of his testimony is confirmed by the following testimony of this witness: " He [the driver here in question] overtook them I should say." And again: " The carriage was on the off side of the street, that is on the right hand side coming down, and he [the boy] was over on the left hand side." And again: " The boy had to go fifteen feet diagonally and down hill before the horse struck him."

This witness further testified directly to the fact that the boys crossed from the Common side of Beacon Street to the Somerset Club side of the street: " The little boys came across the street at a dog trot. They were headed for the Somerset Club." " The boy was looking directly at something on the opposite side of the street as he went across at a dog trot. The position of his head was consistent with looking directly at the door of the Somerset Club as he ran across the street."

Finally, his account differs materially from that given by the plaintiff as to what the three boys did and how the accident happened. He testified : " There were three boys. The first two ran directly in front of the horse. They were close ahead of the plaintiff. They were a little further down the hill."

The defendant's driver also was called as a witness. He testified that he " saw some boys two feet or three from the curbstone. I was on the Somerset Club side. I was further away than that."

If the story told by the plaintiff is believed he cannot recover. All the evidence showed that the defendant's driver was on the Somerset Club side of the street. If the plaintiff ran out suddenly from the sidewalk on that side of the street, he must have run directly into the horse. We say this having in mind that the plaintiff testified: " I did not see any wagon or horses. I looked to see whether there was any coming, but did not see any." It is true that the plaintiff testified on cross-examination, " When I was running across the street I was looking for the other boy, Marco. I wasn't looking for horses "; and in that connection the bill of exceptions states : " He also said that before he got hurt he did not think anything about horses and carriages." But we assume that the jury could have disregarded the latter and believed the former testimony. The plaintiff did not say on cross-examination that he meant to correct what he had said on direct examination. It was testified to by all the witnesses that the accident happened in front of an electric light in the street. The case therefore is a case where if the plaintiff looked he must have looked carelessly, and comes within *Fitzgerald* v. *Boston Elevated Railway*, 194 Mass. 242. See also *Morey* v. *Gloucester Street Railway*, 171 Mass. 164.

If the story told by the carriage agent was believed, the plain-

tiff cannot recover.  He testified that the boys ran down hill from the Common side of Beacon Street, headed for the Somerset Club; and that the carriage, which was on the Somerset Club side, was then two carriage lengths or forty-four feet away, and "the boy had to go fifteen feet diagonally and down hill before the horse struck him."  There was no testimony that the boy running from the Common to the Somerset Club side of the street looked behind him before running diagonally down hill, but on the contrary this witness testified "that the boy was looking directly at something on the opposite side of the street as he went across at a dog trot.  The position of his head was consistent with looking directly at the door of the Somerset Club as he ran across the street."  See *Morey* v. *Gloucester Street Railway*, 171 Mass. 164; *Gleason* v. *Smith*, 180 Mass. 6; *Young* v. *Small*, 188 Mass. 4.  The plaintiff here relies on *Murphy* v. *Armstrong Transfer Co.* 167 Mass. 199.  In that case the plaintiff was going along Harvard Street in the usual way, looking before her, and crossed Hudson street on the crosswalk; and when she got a little more than half way across that street she was struck by the defendant's wagon.

Further, assuming that these two stories are not irreconcilable one with the other, they do not, taken together and in connection with the evidence of the defendant, show that the plaintiff was not guilty of contributory negligence.

So far as the age of the plaintiff is concerned, the case is no stronger for him than *Messenger* v. *Dennie*, 137 Mass. 197; *S. C.* 141 Mass. 335; *Hayes* v. *Norcross*, 162 Mass. 546; *Clinton* v. *Boston Beer Co.* 164 Mass. 514; *Morey* v. *Gloucester Street Railway*, 171 Mass. 164; *Young* v. *Small*, 188 Mass. 4; *Murphy* v. *Boston Elevated Railway*, 188 Mass. 8.  On the other hand the plaintiff in *McDermott* v. *Boston Elevated Railway*, 184 Mass. 126, relied on in support of the action now before us, was but six years and six months old, and was walking on a crosswalk, not running diagonally down hill.

*Exceptions sustained.*