PERINO ANGELARY *vs.* SPRINGFIELD STREET RAILWAY COMPANY.

Hampden.    September 23, 1912. — November 26, 1912.

Present: RUGG, C. J., MORTON, HAMMOND, BRALEY, & DECOURCY, JJ.

*Negligence*, Due care of plaintiff. *Practice, Civil*, Exceptions.

In an action against a street railway company for personal injuries, sustained by a boy less than twelve years of age, there was evidence on which it could have been found that the plaintiff had been sitting at the rear end of a wagon that was being driven on a country road in a course parallel to and from four to seven feet distant from the track of the defendant's railway, that, on the stopping of the wagon, the plaintiff alighted, passed from the rear of the wagon to the side next the track, and stood facing the wagon, helping his sister to alight from it, when he was struck and injured by the running board of a car of the defendant, moving in the same direction in which the wagon had been going, which had come very quickly without the sounding of a gong or other warning of its approach, that when the plaintiff was sitting at the end of the wagon he looked over the track in the direction from which the car came and that his view was unobstructed for a long distance, and that after getting off the wagon he looked again, but that he failed in each instance to see the car, which could have been found to have been plainly visible. *Held*, that, if the plaintiff looked carelessly and therefore must be deemed to have seen the car, his failure to exercise the judgment of an ordinary adult traveller, who would have appreciated that the overhang of the car was so great that he was in danger of being struck by it, was not negligence as matter of law, and that, even if the plaintiff had neglected to look or to listen for a car, this would not show conclusively that he was not in the exercise of such care as boys of his age, capacity and experience should be required to exercise.

Upon an exception to a statement contained in the charge of a presiding judge, where nothing appears in regard to the rest of the charge, it will be assumed that full and appropriate instructions upon all pertinent questions of law were given.

An exception to a statement in the charge of a judge on the ground that it submitted a question of law to the jury will not be sustained where it appears that if the jury passed upon the question of law they decided it rightly so that the excepting party could not have been prejudiced.

Tort, by a boy eleven years and nine months of age when injured, for personal injuries sustained on June 17, 1908, from being struck by an open electric car alleged to have been operated negligently by the servants of the defendant upon the defendant's street railway on a country road in the town of Agawam. Writ dated November 23, 1908.

In the Superior Court the case was tried before *King*, J. The material facts which might have been found upon the evidence are stated in the opinion. At the close of the evidence the defendant asked the judge to rule that on all the evidence the plaintiff was not entitled to recover and to order a verdict for the defendant. The judge refused to rule as requested and submitted the case to the jury.

In the course of his charge the judge instructed the jury as follows: "The court said in one opinion as illustrating one feature that may bear upon this case 'In our opinion, if one crossing the tracks of a street railway testifies that he looked to see whether a car was coming (when the car was in fact in plain sight) and that he did not see it, he must have looked carelessly and is in no better position than if he had not looked at all.' [194 Mass. 243.] Whether or not, however, that applies to one who is not on the track, nor about to cross it, but who is simply getting out of a wagon that is driven four to seven feet from and parallel to the track, and away from it, and aiding another to dismount from that wagon, it is for you to say." The defendant excepted to the statement of the judge contained in the last sentence of this instruction.

The jury returned a verdict for the plaintiff in the sum of $500; and the defendant alleged exceptions.

The case was submitted on briefs.

*H. W. Ely & J. B. Ely*, for the defendant.

*W. P. Hayes*, for the plaintiff.

BRALEY, J.   The defendant, although asking generally at the close of the evidence that a verdict be ordered in its favor, has waived the question whether there was any proof of its negligence, and contends, as matter of law, that the plaintiff failed to exercise due care.   It appears that with four other children, including his sister, the plaintiff was riding in a wagon moving over the roadway parallel to, and within four to seven feet of, the defendant's railway track located at the side of the way.   The evidence, while conflicting, would have warranted the jury in finding that as the driver stopped the plaintiff alighted, passed around from the rear to the side next to the track, and stood fronting the wagon helping his sister to alight by the steps between the wheels, when an open car moving in the same direction with the wagon came up and he was struck and injured by the running board. It may be assumed in the defendant's behalf, and in accordance with the plaintiff's evidence, that when sitting on the floor at the rear end of the wagon he looked over the track on which the car approached, where his view was unobstructed for a long distance, and in passing from the wagon he again looked, but failed in each instance to observe the car, which the jury could find was plainly visible.   It is urged that he stands no better than if he had neglected to look at all, and consequently must be held to have acted carelessly.   *Fitzgerald* v. *Boston Elevated Railway,* 194 Mass. 242, 243.   *Willis* v. *Boston & Northern Street Railway,* 202 Mass. 463, 465.   *Kennedy* v. *Worcester Consolidated Street Railway,* 210 Mass. 132.   But the plaintiff at the time of the accident was not quite twelve years of age, and the degree of prudence required of him cannot be measured by the standard applicable to adults when acting under similar conditions.   "It is commonly a question of fact to be determined in each case as it arises, whether considering his age, experience, intelligence, judgment and alertness, the particular child was capable of understanding the nature and extent of the danger in which he was placed.   A situation, which might carry plainly to the mind of an adult comprehension of danger, might make little or no impression upon a child."   *Berdos* v. *Tremont & Suffolk Mills,* 209 Mass. 489, 495. See also *Dowd* v. *Tighe,* 209 Mass. 464, 467, and cases cited; *Callahan* v. *Dickson,* 210 Mass. 510.   The gong was not sounded nor any warning given by the motorman, and the exceptions

state that the events leading to the accident "happened very quickly." The plaintiff, while required to use proper care, might rely upon the presumption that the defendant's motorman and conductor also would exercise reasonable diligence. *Donovan* v. *Bernhard,* 208 Mass. 181, 182. It does not appear that he knew, or from personal experience ought to have known or anticipated, that a passing car might project beyond the rail sufficiently to expose him to the danger of a collision, and it is of some significance that the wagon remained untouched. If as the defendant contends the plaintiff looked carelessly, and therefore must be deemed to have seen the car, his failure to exercise the judgment of the ordinary adult traveller, who could be found to have appreciated the possible danger from the overhang, cannot on the evidence as matter of law be imputed to him. *Goldthwait* v. *Haverhill & Groveland Street Railway,* 160 Mass. 554. Nor would his neglect to look or to listen for a car, as he at first testified, have been conclusive. *Hennessey* v. *Taylor,* 189 Mass. 583. It still remained under either assumption a question of fact whether in the judgment of the jury his conduct evidenced the lack of such care as boys of his age, capacity and experience should be required to exercise. *Butler* v. *New York, New Haven, & Hartford Railroad,* 177 Mass. 191, 192, 193. *Callahan* v. *Dickson,* 210 Mass. 510. *Chiuccariello* v. *Campbell,* 210 Mass. 532. The present case is clearly distinguishable from cases where children while using the public ways as pedestrians with knowledge of dangerous conditions have been injured in attempting to pass in front of an oncoming car without taking any reasonable precautions to avoid it. *Stackpole* v. *Boston Elevated Railway,* 193 Mass. 562. *Holian* v. *Boston Elevated Railway,* 194 Mass. 74. See also *Russo* v. *Charles S. Brown Co.* 198 Mass. 473. The denial of the request was right.

The defendant undoubtedly was entitled to have the jury instructed as to the rule of law by which they were to be guided in passing upon the question of the plaintiff's due care. *Woodbury* v. *Sparrell Print,* 198 Mass. 1. The entire charge, however, is not reported. It must be presumed in the absence of any statement to the contrary that full and appropriate instructions were given, and, if so, the portion excepted to went no further than to leave to the jury whether under the circumstances to which

the judge specifically referred the plaintiff had been shown to have been negligent. But, even on the defendant's assumption that a question of law was submitted, the jury having decided the question rightly, it has not been prejudiced. *Rogers* v. *Abbot,* 206 Mass. 270, 274.

*Exceptions overruled.*