JOSEPH LUCARELLI *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Suffolk.   November 19, 1912. — January 29, 1913.

Present: RUGG, C. J., HAMMOND, LORING, BRALEY, & SHELDON, JJ.

*Negligence,* Street railway.   *Evidence,* Presumptions and burden of proof.

Where, at the trial of an action against a street railway company for injuries to a boy ten years of age who was run into by a car of the defendant, there is evidence tending to prove that the boy as he was following others upon a cross walk back of a car of the defendant that had stopped there, to cross the street over a parallel track of the defendant, was struck on such other track by a car whose gong he had not heard sounded and whose approach he had not heard, the questions, whether the boy was in the exercise of due care and whether the defendant was negligent, are for the jury.

Where, at the trial of an action against a street railway company by a boy ten years of age when injured to recover for injuries alleged to have been caused by his being run into, after passing behind a car of the defendant to cross a street, by another car approaching on a parallel track, the only testimony on the question of whether the gong on the second car was rung is the testimony of the plaintiff, who states that he did not hear the approach of the second car nor hear its gong sounded, and the testimony of a witness for the defendant who was beside the motorman in the front vestibule of the second car and who stated that "the motorman had been ringing the gong," the jury are warranted in finding that the gong was not sounded.

TORT for personal injuries alleged to have been caused by the plaintiff being run into by a street car of the defendant as he was crossing Meridian Street at its intersection with Paris Street in that part of Boston called East Boston.   Writ dated April 3, 1911.

In the Superior Court the case was tried before *Irwin,* J.   The only witness for the plaintiff on the question of liability was the plaintiff.   He testified in direct examination, on the subject of warning of the approach of the car, as follows: "Q.   Whether or not you heard anything; whether or not you heard the car approaching, — the second car?   A.   No, sir. — Q.   You did not? A.   No, sir. — Q.   Whether or not you heard the gong being sounded?   A.   No, sir. — Q.   Whether or not you heard anybody shout to you?   A.   No, sir."   A motorman in the employ of the defendant, not the motorman operating the car, testified that he was in the front vestibule of the car at the time of the ac-

cident, and that he had applied the emergency brakes, and "that the motorman had been ringing the gong." ¡He also testified that the motorman who had operated the car had gone to Oklahoma shortly after the accident to the plaintiff.

The other material facts are stated in the opinion.

At the close of the evidence the judge refused to rule that upon all the evidence the plaintiff could not recover, or that there was no evidence that the plaintiff was in the exercise of due care, or that there was no evidence that the defendant was negligent. The jury found for the plaintiff in the sum of $500; and the defendant alleged exceptions.

*F. M. Ives,* for the defendant.

*H. A. Kenny,* for the plaintiff, submitted a brief.

BRALEY, J. The jury upon conflicting evidence would have been warranted in finding that at the time of the accident the plaintiff, a boy some ten years of age, while a traveller in the street in which were the double tracks of the defendant's railway, had occasion to pass from one side to the other. Before leaving the curb he looked across, and, seeing only an inbound car which had stopped at the cross walk, started over the cross walk, following travellers who preceded him. Upon passing the stationary car he reached the outward track where he was struck and injured by an outbound car, the motorman of which gave no warning of its approach.

The degree of care called for was that of the ordinarily prudent boy of his age. *Berdos* v. *Tremont & Suffolk Mills,* 209 Mass. 489, 494. *Angelary* v. *Springfield Street Railway,* 213 Mass. 110, and cases cited. And it has been decided that under substantially similar circumstances this question is for the jury. *McDermott* v. *Boston Elevated Railway,* 184 Mass. 126. *Sullivan* v. *Boston Elevated Railway,* 192 Mass. 37, 40. *Burns* v. *Worcester Consolidated Street Railway,* 193 Mass. 63. *Purcell* v. *Boston Elevated Railway,* 211 Mass. 79.

The question of the defendant's negligence also was rightly submitted to them. It must have been apparent to the motorman, that the inward car had stopped, and he knew, of course, that his car must pass over the crossing. In the concurrent use of the street the defendant was bound to take proper precautions to avoid injury to travellers, and a view of the oncoming car by those approaching from the direction of the inward

track might have been so obstructed, as the jury could find, by the stationary car, that if the usual warning was not given travellers would be unaware of the danger until too late to escape injury. *Burns* v. *Worcester Consolidated Street Railway,* 193 Mass. 63. *Horsman* v. *Brockton & Plymouth Street Railway,* 205 Mass. 519, 521. The only evidence that the gong was rung came from a witness for the defendant. But the jury were not bound to believe him, and, the order in which evidence is introduced being immaterial, they furthermore could say that it was not rung, because in answer to questions asked in his direct examination the plaintiff testified that he did not hear it. *Slattery* v. *New York, New Haven, & Hartford Railroad,* 203 Mass. 453, 459.

*Exceptions overruled.*