MARGARET KYLE, administratrix, *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Suffolk. March 28, 1913. — June 17, 1913.

Present: RUGG, C. J., MORTON, LORING, SHELDON, & DE COURCY, JJ.

*Negligence,* Of child.

If a boy, five years and eleven months old, who has been playing in a park with three or four other boys somewhat older than himself, starts with the other boys to run across a reserved space in the middle of the street in front of a street railway car which is approaching rapidly, and, following the other boys, gets only half way across the track when he is struck by the car, he is negligent as matter of law.

MORTON, J. This is an action of tort to recover for the death of the plaintiff's child, a boy five years and eleven months old, who was run over and killed on Huntington Avenue in Boston at about 7.25 o'clock in the evening of May 4, 1906, by a car operated by the defendant. At the close of the evidence a verdict was ordered* for the defendant on the ground that the plaintiff's intestate was not in the exercise of due care. The case is here on the plaintiff's exceptions.

We do not find it necessary to consider whether there was evidence of gross negligence on the part of the motorman since we are of opinion that the ruling was right on the ground on which it was put.

The evidence showed that the plaintiff's intestate, whom we shall speak of as the plaintiff, was playing in the park† with three or four other boys somewhat older than himself, and that they all started to run across the avenue towards Ward Street. The others got over safely, but the plaintiff, who was the last, got about as far as the middle of the track, when he was struck by the car. The car was in plain sight and well lighted, and the street also was well lighted. There is nothing to show that the plaintiff looked or listened, or attempted in any way to exercise any care to avoid a collision, but started with the other boys to run across the track in front of a rapidly approaching car which was so near to him that it struck him when he had got only half way across the track. We assume what is, of course, self evident that due care on the part of a child of six does not and cannot involve the same degree of heedfulness as in the case of an adult, and that the fact that a child is following other children may under some circumstances be considered as bearing on the question of its due care, but after making all proper allowances something must remain which shows the exercise of some care, and we are unable to find that in this case. The place where the accident happened was not on a cross walk, as in *McDermott* v. *Boston Elevated Railway*, 184 Mass. 126, but was in the space reserved for the street railway, and the case resembles more we think the cases of *Young* v. *Small*, 188 Mass. 4, *Murphy* v. *Boston Elevated Railway*, 188 Mass. 8, *Morey* v. *Gloucester Street Railway*, 171 Mass. 164, *Stack-*

---

\*  By *Morton, J.*                †  The Fenway.

*pole* v. *Boston Elevated Railway,* 193 Mass. 562, and *Russo* v. *Charles S. Brown Co.* 198 Mass. 473, than the cases of *McDermott* v. *Boston Elevated Railway,* 184 Mass. 126, and *Breen* v. *Boston Elevated Railway,* 211 Mass. 519, on which amongst others the plaintiff relies.

*Judgment on the verdict for the defendant.*

*W. W. Clarke,* (*C. J. Muldoon, Jr.,* with him,) for the plaintiff.

*H. S. MacPherson,* (*J. B. Mahar,* with him,) for the defendant.

