CHARLES H. PASCHAL *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Suffolk.    December 12, 1912. — February 27, 1913.

Present: RUGG, C. J., HAMMOND, LORING, BRALEY, & SHELDON, JJ.

*Negligence,* In use of highway, Street railway.

If a motorman operating a street railway car, as he approached a place where men at the side of the street were loading a large glass show case upon a truck, was glancing toward a store in which an auction was going on and gave no attention to the men at work, whom he could not have failed to see if he had looked ahead, and, without sounding a gong or giving any other signal, ran the car against one of the workmen who was stepping up by one of the wheels of the truck to help in unloading the show case, he can be found to have been negligent.

A workman, who with fellow workmen was loading a large glass show case upon a truck that was standing by the side of a street so as not to obstruct the passage of street railway cars, and who was ordered by the foreman in charge to get upon the wagon, whereupon, looking and seeing no car approaching within a distance of fifty or seventy-five feet, he stepped up by one of the wheels of the truck and was struck by a street railway car that came upon him without sounding a gong or giving any other warning, can be found to have been in the exercise of due care, he having had the right to assume that the motorman of an approaching car would pay some attention to what was going on.

BRALEY, J.  The plaintiff, while with the assistance of fellow workmen he was loading a large glass show case upon a wagon, which had been placed at the side of the curbstone parallel to the defendant's north bound track and in a position where it did not obstruct the operation of cars, was struck and injured by a

passing car. A verdict was ordered for the defendant,* and the case is here on the plaintiff's exceptions.

The wagon was lawfully upon the street, and the jury could find that, instead of giving any attention as the car came up to go by, or he would have seen the wagon with the men at work, the motorman was "glancing towards a store . . . in which an auction sale was going on." It was a question of fact whether he used due care. *O'Brien* v. *Blue Hill Street Railway*, 186 Mass. 446. *Nelson* v. *Old Colony Street Railway*, 208 Mass. 159.

The defendant, however, contends that the plaintiff's carelessness contributed to the injury. The work was in charge of a foreman who directed the plaintiff to get upon the wagon. It would seem as if no set mode of performance was required, for the simple task of loading a show case upon a truck under every day conditions in the use of the public ways. The common experience of jurors would have enabled them properly to say that there was nothing extraordinary in his conduct, if in response to the order, the plaintiff stepped up by the nigh right hand wheel, the part of the wagon nearest to the track, where he was caught and whirled off by the car.

But, as the exceptions state that from the place of the accident the street "ran straight and level to the south for a distance of three hundred feet," from which direction the car came, it is urged, that, although the plaintiff testified that he did look before getting upon the wagon in the direction from which the cars would approach, and saw no car within a distance of fifty or seventy-five feet, he must have looked carelessly, and therefore stands no better than if he had not looked at all. *Fitzgerald* v. *Boston Elevated Railway*, 194 Mass. 242. The orderly despatch of the business, as well as the avoidance of unnecessary inconvenience to those using the street, called for prompt obedience on his part. The plaintiff had the right to assume that the motorman would pay some attention to what was going on and the jury could have found that the gong was not rung, nor any warning given, before running into him. *Donovan* v. *Bernhard*, 208 Mass. 181, 182. *Angelary* v. *Springfield Street Railway*, 213 Mass. 110. *Slattery* v. *New York, New Haven, & Hartford Railroad*, 203 Mass.

* By *Brown, J.*

453. The plaintiff was not a pedestrian with unrestricted freedom of locomotion. A failure to look farther than fifty or seventy-five feet the jury could say arose not from sheer inadvertence but from the limited opportunity for deliberate or extended observation, where simultaneously he must look for a car and speedily perform his work. It was a question of fact under these circumstances whether he did all that a reasonably prudent workman should have done. The weight of the evidence, and the credibility of the defendant's witnesses also were for the jury, to whom the case should have been submitted.

*Exceptions sustained.*

*W. Flaherty,* (*W. J. Corcoran* with him,) for the plaintiff.
*F. Ranney,* (*T. Allen, Jr.,* with him,) for the defendant.