PETER BREEN, administrator, *vs.* BOSTON ELEVATED RAILWAY
COMPANY.

Suffolk.    March 19, 1912. — May 21, 1912.

Present: RUGG, C. J., MORTON, BRALEY, SHELDON, & DeCOURCY, JJ.

*Negligence,* Due care of plaintiff, In use of highway.

At the trial of an action against a street railway company under R. L. c. 111, § 267,
for the death of a girl seven years of age who was run into by a car of the de-
fendant as she was crossing a public street, there was evidence tending to show
that the accident happened on a bright clear day, that, before attempting to
cross the street, the girl looked up and down it from the curbstone, and that
she again looked in the direction from which the car was coming before she got
on the track, that when she was six feet from the track the car was four or five
car lengths away and was coming fast, one witness testifying that it was being
run at the rate of twenty miles an hour, and that no gong or warning signal was
sounded, that the track was straight and the motorman had a clear view, that
when the girl was struck she was nearer the farther rail, and that after the
car struck her it went about one hundred feet before it could be stopped.
*Held,* that the question, whether the plaintiff's intestate was in the exercise
of due care, was for the jury.

TORT under St. 1906, c. 463, Part I, § 63, as amended by
St. 1907, c. 392, § 1, by the administrator of the estate of Helen
Josephine Breen to recover for her death alleged to have been
caused by gross negligence of the motorman of a street car of the
defendant, as a result of which the car ran into the plaintiff's
intestate, then seven years of age, as she was crossing Sumner
Street in East Boston.    Writ dated August 7, 1908.

In the Superior Court at the close of the evidence the presid-
ing judge ordered a verdict for the defendant and by agreement
of counsel the case was reported for determination by this court,
judgment to be entered on the verdict if his ruling was right,
and otherwise the case to "stand for trial on the merits."    The
material facts are stated in the opinion.

The case was submitted on briefs.

*J. P. Magenis, J. Wentworth & J. E. Kavanaugh,* for the plaintiff.
*R. A. Stewart & L. R. Chamberlin,* for the defendant.

MORTON, J.    By its argument the defendant in effect concedes,
and rightly we think, that in view of the age, intelligence and
experience of the child, she could properly be sent unattended on

errands that would take her into and across the street. But it contends that, on the evidence, she was not, as matter of law, in the exercise of the care required of a child of her age and experience. We think that that was a question for the jury.

The accident happened at about 5.30 P. M., on April 25, 1908. The afternoon was bright and clear. There was evidence tending to show that the child stood on the curbstone and looked up and down the street "to take," as one witness testified she supposed, "precaution;" that while crossing she looked up the street again, that being the direction from which the car came; that when she was about six feet from the track the car was from four to five car lengths away, a distance we assume of one hundred and twenty to one hundred and fifty feet; and that when she was struck she was on the track and nearer the farther rail than the rail that she first crossed. There was evidence, which bore both upon her due care and the negligence of the defendant, that tended to show that no gong was sounded, that the car was coming fast, — twenty miles an hour one witness testified, — that, as bearing on the speed of the car, it ran, after the accident, about one hundred feet before the motorman could stop it, and that the street was straight and there was nothing to obstruct the view of the motorman. There were inconsistencies and contradictions in the evidence, but those were matters for the jury to deal with. In almost any view of the evidence it is plain, we think, that the child attempted to exercise some care in crossing the street. Cases like *Murphy* v. *Boston Elevated Railway*, 188 Mass. 8, where it was held that no care was shown, do not therefore apply. Whether the care and judgment that were exercised were such as naturally might be expected of such a child, and, as bearing upon that, to what extent, if any, she might rely upon the motorman's seeing her and slackening his speed and so enabling her to cross in safety, were matters which we think rendered the question of due care, as already observed, one for the jury. See *McDermott* v. *Boston Elevated Railway*, 184 Mass. 126; *Purcell* v. *Boston Elevated Railway*, 211 Mass. 79; *Lunderkin* v. *Boston Elevated Railway*, ante, 144; *O'Toole* v. *Boston Elevated Railway*, ante, 517.

The defendant has not argued that there was no evidence of negligence on the part of the motorman, and we think it plain, from the matters already referred to relating to the speed of the

car and his failure to slacken it and his unobstructed view, to say nothing of his alleged failure to sound the gong or give any warning, that there was such evidence.

In accordance with the terms of the report the entry will be, case to stand for trial on the merits.

· *So ordered.*