ANDREW GIACCOBE *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Suffolk. January 15, 16, 1913. — June 17, 1913.

Present: RUGG, C. J., MORTON, LORING, BRALEY, & SHELDON, JJ.

*Negligence,* Street railway, In use of highway.

It does not show negligence as matter of law on the part of a boy seven years and eight months of age, that he attempted to cross a street in front of an electric street railway car, which he saw coming slowly two hundred and fifty feet away, when he thought that he could "get by;" nor does it as matter of law show such negligence, that, when he was between the rails of the track and was startled by the ringing of a bell and looked up and saw the car fifteen or twenty feet away approaching at great speed, he tried to get back but could not and the car struck him.

TORT for personal injuries sustained by a boy seven years and eight months of age from being struck by a street railway car operated by the defendant on Cambridge Street in that part of Boston called Charlestown on July 27, 1909. Writ dated August 30, 1909.

In the Superior Court the case was tried before *Pratt,* J. The facts which could have been found upon the evidence are stated in the opinion. At the close of the evidence the judge ordered a verdict for the defendant, and by agreement of the parties reported the case for determination by this court. If the ordering of the verdict was right, judgment was to be entered for the defendant; if the ordering of the verdict was wrong, judgment was to be entered for the plaintiff in the sum of $4,200.

*C. H. Donahue,* (*W. P. Meehan* with him,) for the plaintiff.

*F. Ranney,* (*T. Allen, Jr.,* with him,) for the defendant.

MORTON, J. It is not contended that the plaintiff was not rightfully in the street. He was seven years and eight months old at the time of the accident, and for two years had been crossing the tracks four times daily, on his way to and from school, unattended "except that sometimes the neighbors' children went with him," and he was of average intelligence. Neither do we understand the defendant to contend that there was no evidence of negligence on the part of the motorman. His view was unob-

structed, and that, together with the speed at which it could be found that he suffered the car to run and his failure to sound the gong or warn the plaintiff until he was only fifteen or twenty feet away from him, warranted a finding that he was negligent. *Breen* v. *Boston Elevated Railway,* 211 Mass. 519.

The question of difficulty is that relating to the plaintiff's due care. But we think that there was evidence warranting a finding in his favor. He was required to exercise only such care as naturally would be expected of a child of his age and experience. He testified in part that "he started from the curbstone, then got half way between the first rail and the curbing and looked up and saw [the] car coming down slow, and thought he had a chance to get by. That he walked on to the other rail going down toward Sullivan Square, looked down to see if any cars were coming down, heard the bell ring and looked up the other way and saw a car and tried to get back but couldn't; the car struck him. That when he heard the bell he looked up and was scared. . . . When he first looked up he was halfway between the curbstone and the rail of the track on which cars go out from Sullivan Square. That when at that point he saw the car coming off the bridge, that it was then going slow. That when he looked down toward Sullivan Square he was in the middle of the inbound track, . . . the track on which he got hurt. . . . That the bell rang loud when he first heard it. That he then tried to get back, that he took a step back. That he was walking when crossing the street and did not run at all. That when he got half way over as described, he went a little faster, still walking." There was evidence tending to show that the bridge referred to was upwards of two hundred and fifty feet away; that the grade from the bridge was a down grade; that after the car passed the bridge it began to go faster and kept going faster until, as one witness described it, it was "going very fast," and as another witness said, "the car was coming down the hill at about fifteen or sixteen miles an hour;" and that "after hitting the plaintiff the car went one hundred and twenty-five feet or so before it stopped." Bearing in mind that only such care was to be expected of the plaintiff as naturally would be exercised by a child of his age, we think that it cannot be said as matter of law that when he saw the car coming slowly two hundred and fifty feet away he was not in the

exercise of due care in thinking that he could "get by" and in making the attempt. If the car had come slowly all the way it seems pretty plain that he would have got across safely. In *O'Toole* v. *Boston Elevated Railway*, 211 Mass. 517, it was held that an adult seeing a car approaching three hundred feet away was not careless in not looking again and in assuming that the car would not run so rapidly as to hit him in crossing the street. It certainly cannot be said that the plaintiff was careless in making the same assumption under similar circumstances. His conduct when he was startled by the ringing of the bell and saw that the car was only a short distance away was such as, it could be found, naturally might be expected of a child of his age. The case differs from *Holian* v. *Boston Elevated Railway*, 194 Mass 74, relied on amongst others by the defendant, where the car was only eighty feet away and the plaintiff walked across the street directly in front of it without taking any precautions for her safety. See *Breen* v. *Boston Elevated Railway*, 211 Mass. 519; *Purcell* v. *Boston Elevated Railway*, 211 Mass. 79; *McDermott* v. *Boston Elevated Railway*, 184 Mass. 126; *Burns* v. *Worcester Consolidated Street Railway*, 193 Mass. 63.

It follows that in accordance with the terms of the report judgment should be entered for the plaintiff for $4,200.

*So ordered.*