JOHN FAYARD, JR., *vs.* JAMES W. MORRISSEY.

Worcester. September 28, 1932. — November 29, 1932.

Present: RUGG, C.J., CROSBY, PIERCE, WAIT, & DONAHUE, JJ.

*Negligence,* Motor vehicle, In use of way, Contributory, Of child.

At the trial of an action of tort for personal injuries sustained when an automobile driven by the defendant struck the plaintiff, a pedestrian, who had left the sidewalk at the defendant's right, walked in front of a truck parked on that side of the street and was in the street beyond the side of the truck, a finding that the defendant was negligent was warranted on evidence that the defendant could have seen the plaintiff in the street and could have avoided striking him, and that the automobile was being driven at a speed greater than was reasonable and proper in the circumstances.

The plaintiff in the action above described was a boy about eight years and one month of age. There was further evidence that, before leaving the sidewalk, he looked and saw the defendant's automobile four hundred feet away; that he did not look again until the instant of the collision; that he stepped from the sidewalk into the street when the automobile was two hundred to two hundred fifty feet away; and that when he was beyond the further side of the parked truck the defendant's automobile was one hundred feet away. *Held,* that

(1) The plaintiff was of an age to be rightfully on the street un-
attended;

(2) The plaintiff could not be said to have been guilty of contribu-
tory negligence if he used the care of the ordinarily prudent boy of
his age;

(3) The jury, out of their common general experience in life, were
warranted in finding that the plaintiff exercised the care of the ordi-
narily prudent boy of his age.

TORT.  Writ dated July 10, 1929.

The action was tried in the Superior Court before
*Thayer,* J.  Material evidence is stated in the opinion.  The
judge denied a motion by the defendant that a verdict be
ordered in his favor.  There was a verdict for the plaintiff
in the sum of $2,000.  The defendant alleged an exception.

*C. C. Milton,* for the defendant.

*John J. Moynihan,* for the plaintiff.

DONAHUE, J.  The defendant was driving his automobile
in an easterly direction on East Worcester Street, in the
city of Worcester, within two feet of such motor vehicles
as were parked along the curb at his right.  He knew the
street very well and the general character of the locality.
Immediately after passing East Worcester Place, which
intersected at his right the street on which he was travelling,
and shortly before he came opposite Cross Street which
intersected it at his left, the right front part of his auto-
mobile collided with the plaintiff who was crossing East
Worcester Street in a northerly direction.  As he approached,
the defendant saw half a dozen children playing in the street
one or two hundred feet east of the scene of the accident.
Opposite the point where the collision occurred there was a
truck belonging to the plaintiff's father parked in front of
his store at the defendant's right.

The foregoing facts were not in dispute.  On conflicting
evidence the jury was warranted in finding as facts what
here follows.  The plaintiff, who was about eight years and
one month old, when on the sidewalk beside the parked
truck, looked and saw the defendant's automobile approach-
ing at a distance which he testified was four hundred feet;
he also looked in the opposite direction and proceeded on
the sidewalk to the front of the truck with the intention of

there crossing the street; he did not look again until the instant of the collision; he stepped from the sidewalk into the street when the automobile was two hundred to two hundred fifty feet away; he continued at a walk in the street for a space the width of the truck and reached a point beyond the northerly line of the truck; at that point there was nothing in the street to obstruct the defendant's view of him; the automobile was then one hundred feet distant; it was moving at the rate of twenty to twenty-five miles an hour when it was twenty feet from the point of collision; the brakes were applied when it was four or five feet from the plaintiff, it travelled twenty-five or thirty feet with the brakes on before it came to a stop twenty or twenty-five feet from where the plaintiff lay in the street after the collision. The jury were warranted in finding on the evidence that the defendant could have seen the plaintiff in the street and have avoided striking him (*Jean* v. *Nester*, 261 Mass. 442, 445); that he maintained a speed which was greater than what was reasonable and proper under the circumstances (*Rasmussen* v. *Whipple*, 211 Mass. 546); and in concluding that the defendant was negligent.

The argument of the defendant ·was mainly in support of his contention that because of the alleged contributory negligence of the plaintiff a verdict for the defendant should have been directed. In all of the cases cited on his brief by the defendant save one, the person for whose injury or death recovery was sought was an adult. In that one case (*Sullivan* v. *Chadwick*, 236 Mass. 130), the plaintiff was three years and nine months old and it was held he was too young and immature to be trusted alone on the street where he was struck, that his parents were negligent in allowing him to be there unattended and that therefore recovery could be had only if he exercised the care required of ordinarily prudent adult persons under the same circumstances. Manifestly that is not the standard set by the law for this plaintiff in the matter of using care. *Milbury* v. *Turner Centre System*, 274 Mass. 358, 363. He was of an age to be rightfully on the street unattended (see *Jean* v. *Nester*, 261 Mass. 442, *Burns* v. *F. Knight & Son Corp.* 213 Mass.

510, *Giaccobe* v. *Boston Elevated Railway*, 215 Mass. 224, where the children involved were between seven and eight years old). The plaintiff was not guilty of contributory negligence if he used the care of the ordinarily prudent boy of his age. It was for the men of the jury, now adults but each at one time a boy of the age of eight years and one month, out of their common general experience in life to determine what would have been the conduct of a boy of that age, possessed of ordinary prudence and desirous of crossing East Worcester Street, in the situation existing on the day the plaintiff was hurt. The jury might have found that the conduct of the plaintiff, who did not ignore all precautions for his safety but looked and saw the defendant's automobile when it was a considerable distance away; who did not run but walked; who did not dash suddenly from behind the truck but was out in plain sight of the defendant when the automobile was one hundred feet away, conformed to the requirements of the law for a boy a little over eight years old. It matters not whether the plaintiff's conduct met the higher requirements as to the care which adults must use. It could not have been ruled as matter of law that the plaintiff was contributorily negligent.

*Exceptions overruled.*