RALPH A. CADMAN *vs.* SARAH L. WHITE.

Middlesex.     October 8, 1936. — December 1, 1936.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & LUMMUS, JJ.

*Negligence*, In use of way, Contributory, Due care of child.

A ruling, that as a matter of law a child of such an age as to be incapable of caring for himself was barred, by lack of proof of care of him by his custodian, from recovery for injuries sustained when he was

struck on a street by an automobile of the defendant, was not required where on the evidence a finding was warranted that the child exercised due care according to the standard required of an adult.

TORT. Writ in the Superior Court dated April 1, 1932.

The action was tried before *Donahue,* J. There was a verdict for the plaintiff in the sum of $800. The defendant alleged exceptions. The defendant in this court made no contention that a finding of her negligence was not warranted.

*B. W. Taylor,* for the defendant.

*H. E. Druker,* for the plaintiff.

PIERCE, J. This is an action of tort to recover damages for personal injuries sustained by the plaintiff, a minor, on August 24, 1931. At the conclusion of the testimony the defendant filed a motion that upon all the evidence the judge direct the jury to return a verdict for the defendant. The motion was denied and the defendant seasonably claimed an exception. The jury found for the plaintiff. The case is before this court on the defendant's exception to the denial of her motion.

The reported evidence warranted a finding of the facts which follow: The accident happened August 24, 1931, on a fair day and in the early afternoon, on Williams Street in Watertown, Massachusetts. At the point of the accident Williams Street is about twenty feet wide, and there is no cross walk or intersecting way. On the south side of the street there is a sidewalk, about three feet wide, without a curb. At the time of the accident the plaintiff, who was two years and eleven months old, had crossed Williams Street from north to south, and was alone. There is no evidence to explain how he chanced to be on the north side of the street when he crossed to the south side thereof, or of any neglect of persons who had him in custody.

A witness testified that he was driving a truck, and had followed the defendant's automobile until and after it entered Williams Street, going westerly on that street on the right hand side at about twelve miles an hour; that the witness was about forty feet behind the defendant's automo-

bile; that he saw the plaintiff walk, not run, across the street from the right side, when his truck was about three hundred feet distant from the plaintiff; that the defendant's automobile, then on the right hand side of the street, swerved to the left side and struck the plaintiff as he was about to step on the sidewalk there. This witness further testified that he had watched the occupants of the defendant's automobile and saw them looking out to the left side of the automobile. The evidence reported warranted a finding that there were no motor vehicles on Williams Street except the truck and the defendant's automobile, and that there were no obstructions to the defendant's view of the plaintiff as he crossed the street and came to the point at the sidewalk where he was struck by the defendant's automobile. On the above facts it is plain that the jury could warrantably find that the defendant needlessly swerved her automobile from the right side of the road to the middle, and then to the left, and there struck the plaintiff.

As above stated, there is no evidence in the record to warrant a finding that the plaintiff had carelessly been allowed to go to the north side of the road unattended. Even if the evidence established or warranted a finding that the custodian of the plaintiff negligently suffered him to be unattended when he crossed the street, it does not follow that he was not entitled to recover if the jury found, as they were clearly warranted in finding, that the plaintiff, without being able to exercise any judgment in the matter of caring for his own safety, nevertheless did no act which prudence would forbid, and omitted no act that prudence would dictate, on the part of an adult. *Collins* v. *South Boston Railroad*, 142 Mass. 301. *Miller* v. *Flash Chemical Co.* 230 Mass. 419, 421. *Sullivan* v. *Chadwick*, 236 Mass. 130, 134. In the case at bar the trial judge could not properly have ruled either that there was no negligent conduct of the defendant to which the injury to the plaintiff could be legally charged as a cause, or that there was any act of the plaintiff's custodian which had causal, contributory relation to the plaintiff's injury.

*Exceptions overruled.*