DAVID S. FRIEDMAN *vs.* EMILE BERTHIAUME.

MISCHA L. FRIEDMAN *vs.* SAME.

ROBERT S. FRIEDMAN *vs.* SAME.

Worcester.  September 28, 1937. — May 23, 1939.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, DOLAN, COX, & RONAN, JJ.

*Negligence*, Due care of child, Imputed, Contributory. *Practice, Civil,* Auditor: findings; Findings by judge. *Evidence,* Presumptions and burden of proof.

A judge hearing an action upon the report of an auditor, whose findings were not final, and evidence warranting contrary findings, was in error in disregarding the other evidence as "insufficient to rebut the prima facie evidence of the auditor's report"; he should have decided the case upon all the evidence without giving compelling force to the auditor's findings.

A child eight years of age should be considered capable of exercising care for his own safety in the absence of anything to show that he does not have that capacity.

Negligence of a parent contributing to injury sustained by a child capable of exercising care for his own safety is not imputable to the child; and the child has the benefit of G. L. (Ter. Ed.) c. 231, § 85, in an action against a third person whose negligence also contributed to his injury.

An action for injury to a child of tender years through the defendant's negligence is not barred by the fact that negligence of the plaintiff's parent contributed to his injury if the plaintiff's conduct was that of a prudent adult in like circumstances.

Evidence that a child riding on the rear seat of an automobile could not
see the road in front because of those on the front seat, that he looked
out through the side window from time to time, and that he did
nothing actively for his own safety, warranted a finding that his
conduct was that of a prudent adult in like circumstances.

THREE ACTIONS OF TORT. Writs in the Central District
Court of Worcester dated June 24, 1935.

Upon removal to the Superior Court, the cases were
heard by *Burns,* J.

The cases were argued at the bar of this court in Sep-
tember, 1937, before *Rugg,* C.J., *Field, Donahue,* & *Qua,* JJ.,
and after the death of *Rugg,* C.J., were submitted on briefs
to *Lummus, Dolan, Cox,* & *Ronan,* JJ.

*H. Seder,* for the plaintiffs.

*D. F. Gay,* for the defendant.

DONAHUE, J. The three plaintiffs, who are minors, were
injured while seated on the rear seat of an automobile,
operated by their father, which was in collision with an
automobile operated by the defendant. Their mother, who
was riding in the front seat of the father's automobile, was
also injured. She brought an action against the defendant
as did their father. All five cases were tried together before
an auditor whose findings of fact were not made final by
the terms of the order of reference. He filed a report which
included the three cases now before us.

These three cases were later tried before a judge of the
Superior Court. The evidence consisted of the auditor's
report, a supplemental report and the testimony of the
three plaintiffs and of their mother. The judge found for
the defendant in each case. The cases come before us on
a consolidated bill of exceptions presenting exceptions to
the denial of ten requests for rulings.

The auditor found that the defendant was negligent,
that the plaintiffs' father was also negligent, and that their
mother, who was on the front seat watching the road as
the automobile went along, was not negligent and was
entitled to recover in the action brought by her. He also
found (in paragraph 4 of his report) that: "The plaintiffs
. . . respectively twelve, eight and six years of age at the

time of the accident, were in the custody of their . . .
[father] because of the relationship of parent and child and
also because they were riding in that parent's automobile,
and did nothing actively for their own safety." In a later
paragraph in the report the auditor found "that negligence
of . . . [the father] is imputed to the plaintiffs . . . and
hence that they are contributorily negligent because of my
finding in paragraph 4." The auditor filed a supplemental
report which states: "As in my original report . . . I made
findings that the plaintiffs . . . could not recover because
of the negligence of their father . . . in whose custody
they were, being imputable to them, so in the event that
my conclusion is erroneous as a matter of law and said
minor plaintiffs, or any of them, are entitled to recover I
herewith submit my supplemental report on the question
of damages sustained by them."

At the trial in the Superior Court the plaintiffs testified
in substance that while riding on the rear seat of the auto-
mobile they could see nothing in front of it because their
view in that direction was blocked by their parents who
were seated on the front seat, but that they were looking
through the side windows. Two of them did not see the
other automobile before the collision and the third did not
see it in time to do anything. The mother testified that
she asked the children to go on the ride in question.

The judge indorsed on the plaintiffs' written requests for
rulings of law: "Requests #1 to 10 refused as not appli-
cable to facts found, the evidence heard by the court being
insufficient to rebut the *prima facie* evidence of the auditor's
report." He made no specific findings of fact. The parties
have stipulated, in effect, that if, as matter of law, the
judge erred in refusing to rule as requested, "or erred in
his ruling," judgments are to be entered for the plaintiffs
in the amounts found in the auditor's supplemental report;
otherwise, judgments are to be entered for the defendant.

1. The plaintiffs contend that, their requests for rulings
having been denied on the stated ground that they were
"not applicable to facts found" and no findings of fact
having been filed by the judge, doubt exists as to what

facts he did find. See *Mericantante* v. *Boston & Maine Railroad,* 291 Mass. 261, 263; *Commonwealth* v. *Hull,* 296 Mass. 327, 336–337. We think that the judge's statement in denying the requests that the evidence introduced by the plaintiffs was "insufficient to rebut the *prima facie* evidence of the auditor's report" made it clear that the sole basis of his findings for the defendant was the auditor's report.

2. The plaintiffs further contend that in reaching his conclusions the judge erred by eliminating from consideration the evidence introduced by the plaintiffs at the trial. Findings of fact made by an auditor retain their statutory "artificial legal force and compelling effect . . . only until . . . evidence appears that warrants a finding to the contrary." *Cook* v. *Farm Service Stores, Inc.* 301 Mass. 564, 566. The test is not whether such other evidence is accepted as true by the trial tribunal, but, whether the evidence if believed would warrant findings contrary to those made by the auditor. The reason given by the judge for denying the plaintiffs' requests for rulings — not that he disbelieved the testimony of the plaintiffs, but that "the evidence heard by the court being insufficient to rebut the *prima facie* evidence of the auditor's report" — indicates that he reached his general findings for the defendant by giving compelling force to the auditor's report. If the evidence introduced by the plaintiffs at the trial would warrant findings contrary to the findings made by the auditor, the judge should have decided the case on all the evidence, including the findings of the auditor, without, however, giving them artificial effect, and the evidence introduced by the plaintiffs at the trial. *Cook* v. *Farm Service Stores, Inc.* 301 Mass. 564, 566. We think that the evidence introduced by the plaintiffs at the trial would, if believed, have warranted findings contrary to the findings of the auditor, and that the case should have been decided on all the evidence without giving artificial effect to the findings of the auditor.

3. The auditor's general findings for the defendant do not import the finding by him of all facts essential to sup-

port them, since he specified the subsidiary findings on which he rested his general findings for the defendant. *Rosenblum* v. *Ginis*, 297 Mass. 493, 496. *Brooks* v. *Davis*, 294 Mass. 236, 238. *Robinson* v. *Hooker*, 174 Mass. 490. He stated in the supplemental report that he made his "findings that the plaintiffs . . . could not recover because of the negligence of their father . . . in whose custody they were, being imputable to them."

4. It is the law in this Commonwealth that, where a child is injured by the negligence of a defendant, negligence on the part of his parent or custodian contributing to the child's injury is imputed to the child if he is not old enough to exercise care for his own safety in the situation in which he finds himself. *Bessey* v. *Salemme*, 302 Mass. 188, 193. *Tucker* v. *Ryan*, 298 Mass. 282, and cases cited. If a child is old enough to exercise care for his own safety, negligence of a parent or custodian cannot be imputed to him and he is entitled to recover from a negligent defendant if he was exercising the care of an ordinarily prudent child of his age in like circumstances. *Miller* v. *Flash Chemical Co.* 230 Mass. 419, 421.

The auditor's finding that negligence of the plaintiffs' father was imputable to them must have been based on the assumption that the plaintiff who was twelve years old, and the plaintiff who was eight, and the plaintiff who was six, were all incapable of exercising care for their own safety. Without that assumption negligence of the father could not be imputed to his children.

A child may be so young that as matter of law he is incapable of exercising care for his own safety. See *Casey* v. *Smith*, 152 Mass. 294. On the other hand a child may be of such an age that, in the absence of evidence of lack of the normal capacity for using the care of one of his years, it may be ruled as matter of law that he had the capacity to exercise care for himself. See *Lucarelli* v. *Boston Elevated Railway*, 213 Mass. 454, where the plaintiff was ten years old; *Bessey* v. *Salemme*, 302 Mass. 188 (nine years); *Fayard* v. *Morrissey*, 281 Mass. 166 (eight years).

It was said in *McKenna* v. *Andreassi*, 292 Mass. 213,

219, where the plaintiff was a boy "about six years of age," that "It could not have been ruled as a proposition of law of general application that it was unsafe for a child of the age of the plaintiff to be allowed on the streets unattended," and in *Stacy* v. *Dorchester Awning Co. Inc.* 290 Mass. 356, 359, of a child also "about six years old" that "It could not have been ruled as matter of law that the intestate was too young to be allowed to go upon the highway unattended."

There being nothing to indicate that the two older plaintiffs, aged twelve and eight years, did not have the capacity for using the care of normal children of their ages, in the situation in which they were at the time of their injury, they must be taken to have possessed the capacity to exercise care for their own safety. *Bessey* v. *Salemme*, 302 Mass. 188, 194. Those plaintiffs were entitled to the benefit of G. L. (Ter. Ed.) c. 231, § 85, which put upon the defendant the burden of proving that they failed to exercise the care of ordinarily prudent children of the same ages in the same circumstances. *Stacy* v. *Dorchester Awning Co. Inc.* 290 Mass. 356, 360. *Capano* v. *Melchionno*, 297 Mass. 1, 7. The evidence did not warrant the finding that this burden was sustained. The denial by the trial judge of the request for a ruling that "3. The burden of proving contributory negligence is upon the defendant," in the cases where the two older children were plaintiffs, was error.

The third and youngest plaintiff is described in the record as "six years of age." If it be assumed in favor of the defendant that it was a question of fact whether he was of an age to be capable of exercising care for his own safety (*Stacy* v. *Dorchester Awning Co. Inc.* 290 Mass. 356, 359; *McKenna* v. *Andreassi*, 292 Mass. 213, 219), there was error in the refusal by the judge of the requested ruling: "1. A child of tender years who exercises that degree of care ordinarily exercised by a careful prudent person of mature years is not barred from recovery even though his custodian may have been negligent." There was evidence warranting the finding of the facts assumed in the

request. The question whether a young child is properly left with his care being the only care to be exercised for his safety, depends in part upon his age and in part upon the character as to danger of the situation in which he is left or of the situations into which he is permitted to go. Whatever his age or capacity for judgment, he may recover for injuries caused by a negligent defendant if he "did no act which prudence would forbid, and omitted no act that prudence would dictate, on the part of an adult." *Cadman* v. *White,* 296 Mass. 117, 119. *Slattery* v. *Lawrence Ice Co.* 190 Mass. 79, 83. *Gibbons* v. *Williams,* 135 Mass. 333, 336. (See also cases therein cited.) There was little that a prudent adult seated on the rear seat of the automobile of the plaintiffs' father could have done for his own safety prior to the accident. *Haines* v. *Chereskie,* 301 Mass. 112, 116; *Elfman* v. *Kronenberg,* 299 Mass. 492, 494. *Ouillette* v. *Sheerin,* 297 Mass. 536, 540. *Bullard* v. *Boston Elevated Railway,* 226 Mass. 262, 264. On the testimony of the plaintiffs they were using such care as the situation in which they were permitted. The youngest plaintiff testified that he could not see directly in front because of the presence of his father and mother on the front seat and that as the automobile went along he was looking on the side of the road from time to time. There was similar testimony from the other plaintiffs as to their inability to see the road ahead. There was no finding by the auditor to the contrary and no finding that the plaintiffs were negligent. The circumstances as to the collision do not appear, but the plaintiffs' mother, who was seated on the front seat, was found by the auditor to be in the exercise of due care. The auditor stated as one of the reasons for his finding that the plaintiffs were in the custody of their father, that they did nothing actively for their own safety. This is not the equivalent of a finding that they were negligent. There was nothing to indicate that, in the situation in which they were, there was opportunity to do anything other than they did do for their own safety. The testimony of the plaintiffs, if believed, warranted a finding that the youngest

plaintiff "did no act which prudence would forbid, and omitted no act that prudence would dictate, on the part of an adult." *Cadman* v. *White*, 296 Mass. 117, 119.

Since in the cases of the two older plaintiffs the judge erred in denying the third request for a ruling and in the case of the youngest plaintiff in denying the first request for a ruling, in accordance with stipulation of the parties judgments are to be entered for the plaintiffs in the respective amounts found by the auditor in his supplemental report.

*So ordered.*